ALVIA D. ALEXANDER v. THE CITY OF BIG RAPIDS.

[See 76 Mich. 282.]

*Statutes—Repeal and re-enactment—Effect upon pending suit—Negligence—Evidence—Submission to jury.*

1. A repealing statute, without a saving clause, which substantially re-enacts the law repealed, will not affect pending suits. *Merkle v. Township of Bennington*, 68 Mich. 133; *Moore v. Township of Kenockee*, 75 Id. 332.

2. In a negligence suit, where the evidence leaves it very doubtful *what* caused the injury complained of, the case should be left to the jury.

3. For a full report of this case, see 76 Mich. 282.

Error to Mecosta. (Fuller, J.) Argued April 19, 1888. Decided May 11, 1888.

Negligence case.   Plaintiff brings error.   Reversed.   The facts are stated in the opinion, and in 76 Mich. 282.

*Andrew Hanson,* for appellant.

*Austin Herrick,* for defendant.

SHERWOOD, C. J.   The plaintiff brings his action for injuries received by him in consequence of the defective condition of a sidewalk in the city of Big Rapids, which he alleges it was the duty of the city to keep in repair, and which it negligently omitted to do.   The plaintiff alleges in his declaration that Pine street crosses Rose avenue, in said city, at right angles; that on the north side, and along Pine street, where it crosses the avenue, at the time the injury to plaintiff occurred, there was a public sidewalk or crossing, built by the city, and which it was its duty to maintain and keep in repair, and reasonably safe for pedestrians to pass over.

That, in grading Rose avenue, the city tore up the crosswalk on Pine street, and excavated the street to the depth of five feet, leaving the sides of the excavation, where the sidewalk on Pine street connects with it, very abrupt and precipitous, rendering it dangerous to travelers upon the walk, and in which condition it continued for a long time; and that in consequence of the neglect of the city to repair the same, and to furnish proper warnings of danger, the plaintiff, while passing along upon the sidewalk in the night-time, without any knowledge of the existence of such danger consequent upon the neglect of the defendant, and without fault on his part, was precipitated down the embankment, and severely injured.   It is for this injury he seeks to recover his damage in this suit against the city.

The defendant pleaded the general issue to plaintiff's declaration.

A trial was had before a jury in the Mecosta circuit, when

the circuit judge directed a verdict for the defendant, and against the plaintiff for costs. In so doing the circuit judge said to the jury:

"The court will grant the motion that is made to direct a verdict, for several reasons:

"First, the main reason is that the statute upon which the action is based, has been repealed without any saving clause.

"Another reason is that it is very doubtful what caused the injury, and no case is made out by the proofs.

"Another is that the accident, as the testimony shows, occurred upon a sidewalk, instead of upon a cross-walk, as the declaration alleges it.

"Another reason is that inasmuch as there was no cross-walk there, and the city had, months before, and a number of months before the happening of the accident, taken up an old walk, and graded Rose avenue, the city was not bound to maintain a cross-walk there, and therefore not liable to damages if any one was injured by reason of there not being a cross-walk in existence. I think that covers it all."

He then directed the verdict. Plaintiff brings error.

The section of the statute under which the present suit was instituted, was repealed by the act of 1887; but the latter is substantially a re-enactment of the former section (see How. Stat. § 1442, and Laws of 1887, p. 345, § 1); and, when such is the case, we have held such repeal does not affect a suit commenced under the first act (*Merkle v. Township of Bennington*, 68 Mich. 133, 35 N. W. Rep. 846).

If it was left "very doubtful" what caused the injury upon the proofs, certainly, then the case was one for the jury upon its facts, and should not have been taken from them upon that point. No one witnessed the accident, and the testimony was somewhat circumstantial upon that question; the testimony being that by the fall the plaintiff was made senseless for some time, and was taken away from the scene of the accident in that condition.

Whether the injury occurred upon the sidewalk or upon the cross-walk was not entirely clear upon the testimony, and

the question should have been left for the determination of the jury, under proper instructions from the court. If the testimony was to be believed in this case, which made for the plaintiff, the defendant was liable, and its credibility was for the jury. Under such testimony, it was clearly the duty of the city to maintain in a reasonably safe condition the cross-walk where the plaintiff claims he received his injury. No other questions made upon this record need consideration at this time. [1]

The judgment must be reversed, and new trial granted.

CHAMPLIN, MORSE, and LONG, JJ., concurred.