106 295|
114 331|

DENNISON v. ALLEN.

STATUTES—AMENDMENT—PENDING PROCEEDINGS—CLEANING DRAINS.
Act No. 203, Pub. Acts 1893, amendatory of the drain law (3 How. Stat. chap. 40, as amended by Act No. 187, Pub. Acts 1891), though containing no saving clause, did not operate to oust a township drain commissioner of jurisdiction over proceedings then pending to clean out a drain, acquired by virtue of a petition so framed as to comply with both acts.

Error to Monroe; Kinne, J. Submitted June 13, 1895. Decided July 13, 1895.

*Assumpsit* by Martin Dennison against Edward A.

Allen, as township treasurer, to recover money paid under protest for drain taxes. From a judgment for plaintiff, defendant brings error. Reversed.

*Randall & Corbin,* for appellant.

*C. A. Golden,* for appellee.

LONG, J. This action is brought to recover moneys paid under protest for drain taxes. The plaintiff had judgment below.

A petition was presented to the town drain commissioner August 21, 1893, asking for the cleaning out of Bear Swamp drain, in accordance with the provisions of Act No. 227 of the Public Acts of 1885, as amended. The commissioner, on September 13, 1893, made his order of determination, and such further proceedings were had that an assessment of benefits was made on a special assessment roll September 27, 1893. The drain was duly cleaned out, and no objection was made by the plaintiff or any other party interested until the work was fully completed.

The contention here is that the drain commissioner was ousted of jurisdiction by Act No. 203, Pub. Acts 1893. For this reason the court below directed the verdict in favor of the plaintiff. This act took effect September 1, 1893, some 12 days before the commissioner made his first order, though the petition was in his hands on August 21st. The act of 1885 was amended in 1887, 1889, 1891, and 1893. The act of 1885 contained the following:

"Saving all acts done and all rights acquired at the time this act takes effect, and any proceedings had or begun may be carried forward and completed thereunder the same as they might have been had this act not been passed."

None of the amendatory acts contains a saving clause. The act of 1885 provides for the cleaning out of drains; and it is conceded that the petition was sufficient for such purpose under that act, as amended by section 1, chap.

8, Act No. 187, Pub. Acts 1891, by requiring the petition of five freeholders of the township, one or more of whom should be owners of land which had been originally assessed for the construction of such drain. Section 1, chap. 8, of that act provides:

"Whenever a drain, or any portion thereof, needs cleaning out, deepening, widening, or extending, any five freeholders of the township or townships in which such drain is situated, one or more of whom shall be owners of land which, at the time of its construction, was assessed therefor, may make application in writing to the commissioner by whom it was constructed, or to his successor in office, setting forth its necessity; and the commissioner shall, as soon as practicable thereafter, go upon the line thereof, and carefully examine such drain, and if, in his judgment, the request of the applicants should be granted, he shall fix the *per cent.* of the cost of cleaning out that the owner of such parcel or lot of land shall be assessed therefor: * * * *And provided further*, that such assessment shall be made according to benefits, and shall be subject to appeal the same as in the first instance, except that, in all cases under this section where drains are only cleaned out, the cost thereof may, in the discretion of the drain commissioner, be assessed upon the same *per cent.* fixed for the construction thereof: *And provided further*, that whenever any such drain shall need widening or extending, the same proceedings shall be had throughout, in every respect, as are provided in this act for the locating and constructing of a drain in the first instance."

The only other amendment to section 1, chap. 8, of the act of 1885 by the amendatory act of 1891 is that providing that in case of an established county drain having its beginning, entire course, and terminus within one township, and where all the lands liable to be assessed for benefits are in the same township, a majority of the owners of the land assessed for construction may make application to have the papers and records and proceedings transferred by the county drain commissioner to the town drain commissioner, and thereafter to be under the jurisdiction of the town drain commissioner.

The petition filed with the drain commissioner was for cleaning out only, and not for deepening or widening. The petitioners, eight in number, set out that they were freeholders of the township in which the drain was located, "and that two of their number, to wit, Benjamin C. Austin and Newton Squires, are the owners of lands which, at the time of the construction of said drain, were assessed therefor."

The title of Act No. 203, Pub. Acts 1893, is:

"An act to amend section two of chapter one, sections seven, eight, and fourteen of chapter three, section six of chapter six, section one of chapter eight, and to add a new section to chapter six, to stand as section sixteen, of act number two hundred and twenty-seven of the Public Acts of 1885, entitled, 'An act to provide for the construction and maintenance of drains, and the assessment and collection of taxes therefor, and to repeal all other laws relative thereto,' approved June 20, 1885, as amended by the several acts amendatory thereof."

The changes made in section 1 of chapter 8 are the only ones which need be noticed, as that section gives the jurisdiction to the town drain commissioner to clean out any drain within the township, upon proper application made to him. It provides:

"Whenever a drain, or any portion thereof, needs cleaning out, straightening, deepening, widening, or extending, any five freeholders of the township or townships in which such drain is situated, one or more of whom shall be owners of land liable to an assessment for benefits in the cleaning out, deepening, widening, straightening, or extending, as the case may be, may make application in writing to the commissioner by whom it was constructed, or to his successor in office, setting forth its necessity; and the commissioner shall, as soon as practicable thereafter, go upon the line thereof, and carefully examine such drain, and if, in his judgment, the request of the applicants should be granted, he shall fix the *per cent.* of the cost of cleaning out that the owner of such parcel or lot of land shall be assessed therefor: * * * *And provided further*, that such assessment shall be made according to benefits, and shall be subject to appeal the same as

in the first instance, except that, in all cases under this section where drains are only cleaned out, the cost thereof may, in the discretion of the drain commissioner, be assessed upon the same *per cent.* fixed for the construction thereof."

This section also contains a like provision to the one of 1891 in reference to the transfer of papers from the county drain commissioner to the town drain commissioner, only it is a little more specific as to the transfer of the records, and also provides for the transfer of funds. This section also, as does the act of 1891, provides that, in case of widening or extending any drain, the same proceedings shall be had as in the location of the drain originally; also, that drains may be cleaned out, widened, etc., under one petition. The section also makes some other changes which are unimportant to the present controversy.

The petition in the present case would have been sufficient for cleaning out if it had been presented under section 1 of chapter 8 of the drain law of 1893. It shows that it is for cleaning out merely; that it is signed by at least five freeholders of the township in which the drain is located; and that one or more of them are the owners of land liable to assessment for benefits in the cleaning out of the drain It is evident, then, that no material changes were made by the act of 1893. The act, as seen by its title, is only an amendatory one, and does not provide for the repeal of a single section of the former acts. The act of 1885 is the original act, and the amendments of the different years only make changes in certain of its sections. The proceedings for the laying out of drains, or for the cleaning out, deepening, or widening, are all under the act of 1885, as amended by these various acts. A petition for cleaning out is under the act of 1885, as amended by the acts of 1891 and 1893, and, of course, must conform to the changes made by these amendatory acts. It evidently was not the intent of the legislature to disturb any proceeding already commenced; but, even

if the act could be so construed, it does not disturb this proceeding, as the petition was sufficient to confer jurisdiction under the act, and the order made for cleaning out and the order for assessments conform to all the provisions of both acts. The act of 1885 and all the amendments made to it since that time are to be read as one act. It is the act of 1885, as amended. *Conrad* v. *Nall*, 24 Mich. 275. It is held that a repealing statute, containing no saving clause, which substantially re-enacts the law repealed, does not affect a pending suit brought under the original act. *Moore* v. *Township of Kenockee*, 75 Mich. 332. But the statute of 1893 was not a repealing statute, but was merely amendatory, and re-enacted the other parts not changed. It did not have the effect to oust the commissioner of jurisdiction. His duties under the petition were the same as under the original act. His jurisdiction was complete, and the court below was in error in holding otherwise.

The judgment below must be reversed, and a judgment entered here in favor of the defendant for costs of all the courts.

The other Justices concurred.