CRANE v. SAGINAW CIRCUIT JUDGE.

Statutes—Repeal—False Pretenses.

Section 9161, 2 How. Stat., which provides for the punishment of persons who, with intent to defraud, by any false pretense, shall cause any person to convey any land, or obtain the signature of any person to any written instrument the making whereof would be punishable as forgery, or obtain from any person any money or valuable thing, was not repealed by Act No. 234, Pub. Acts 1895, reducing the penalty prescribed by the former act where the value of the property involved shall be not more than $25.

*Mandamus* by Riley L. Crane, prosecuting attorney, to compel Byron A. Snow, circuit judge of Saginaw county, to set aside an order quashing an information in a criminal case. Submitted January 5, 1897. Granted January 13, 1897.

*Crane & Crane*, for relator.

*F. E. Emerick* and *J. H. Davitt*, for respondent.

PER CURIAM.   Orson D. Taylor was arrested, under section 9161, 2 How. Stat., charged with having obtained, in July, 1892, $1,140, by means of false pretenses; was arrested in August, 1895, and held for trial to the circuit court for Saginaw county at the November term, 1895.   Upon arraignment, he pleaded not guilty.   Subsequently he moved to quash the information upon the ground that this section of the statute was repealed by Act No. 234 of the Public Acts of 1895, and the motion was granted.   Section 9161 and Act No. 234 are printed in full in People v. Kinney, 110 Mich. 97.   The only amendment made by Act No. 234 is the provision that, if the property obtained be of the value of $25 or less, the offender shall be punished by a fine not exceeding $100, or imprisonment in the county jail not exceeding three months.

The court was in error in quashing the information. The amendment did not go to the crime charged against the prisoner, or to the punishment therefor.   Both the crime and the punishment are the same in the original and the amending acts.   The governing rule is, "If the amendment does not change the old law in its substantial provisions, it only repeals the law where it is in direct conflict with it, but not beyond."   End. Interp. Stat. § 195.   The amending act has no repealing clause, and repeals by implication are not favored.   "Where a law is amended. and re-enacted, those parts of the law simply repeated are not repealed and re-enacted, but are considered to have continued in force from the beginning."   23 Am. & Eng. Enc. Law, 285.   The plain intent of the legislature in the amendment was to reduce the penalty where the value of the property was $25 or under, and not to affect any other provision of the section amended.

The writ of mandamus will issue, directing the court to vacate the order and proceed to the trial of the accused.