*In re* LAMBRECHT.

1. CONSTITUTIONAL LAW—EX POST FACTO LAWS—INDETERMINATE SENTENCES.

An in eterminate sentence law which increases the minimum punishment for crime beyond what might have been inflicted under the statute which it supersedes, is ex post facto in so far as it applies to crimes committed before its enactment.

2. STATUTES — CONSTRUCTION — RETROACTIVE STATUTES — PRESUMPTION.

Statutes are given only a prospective application unless the legislative intent that they shall be retroactive is clearly manifest.

3. CRIMINAL LAW—INDETERMINATE SENTENCE LAW—PROSPECTIVE APPLICATION.

The indeterminate sentence law of 1903 (Act No. 136), providing for the sentence of persons "hereafter convicted of crime," is prospective in its operation, and applies only to crimes committed after it took effect.

4. SAME—COMMON-LAW CRIMES.

Unless some statute provides a penalty, acts criminal at the common law are not crimes in this State.

5. STATUTES—CONSTRUCTION—ABSURD RESULT.

A statute will be given an interpretation leading to absurd and mischievous consequences only when no other is possible.

6. SAME—REPEAL—PRIOR ACTS IN CONFLICT.

A statute repeals a prior statute in so far as it is in conflict therewith.

7. CRIMINAL LAW — INDETERMINATE SENTENCE LAW — REPEAL OF STATUTE.

The indeterminate sentence law of 1903 (Act No. 136), did not repeal 3 Comp. Laws, § 11784, providing punishment for attempts to commit crime.

8. SAME—SENTENCE—HABEAS CORPUS.

Where, on petitioner's conviction of an attempt to utter a forged instrument, committed prior to the taking effect of the indeterminate sentence law of 1903 (Act No. 136), the court erroneously sentenced petitioner under such act to imprisonment for an indeterminate term of not less than 2½ years, nor more than 3 years, and the sentence would evidently have been no less if it had been imposed under 3 Comp. Laws, § 11784, providing that for such attempts the court may sentence to imprisonment for a term not exceeding 3 years, the sentence was valid as to the minimum term, and could not, therefore, be set aside on habeas corpus.

Habeas corpus proceedings by William J. Lambrecht to obtain his release from the State prison at Jackson. Submitted July 7, 1904. (Calendar No. 20,584.) Prisoner remanded July 27, 1904.

Petitioner was convicted October 26, 1903, of an attempt to utter a forged instrument on July 10, 1903, and sentenced to the State prison for not less than 2½ and not more than 3 years, under Act No. 136 of the Public Acts of 1903, known as the "Indeterminate Sentence Law." The act took effect September 16, 1903. The punishment for uttering a forged instrument is imprisonment in the State prison not more than 14 years, or in the county jail not more than 1 year. 3 Comp. Laws, § 11660. No express provision is made by statute for the punishment of attempts to utter forged instruments. The statute in regard to attempts reads thus:

"If the offense so attempted to be committed is punishable by imprisonment in the State prison for life, or for five years or more, the person convicted of such attempt, shall

be punished by imprisonment in the State prison not more than three years, or in the county jail not more than one year." 3 Comp. Laws, § 11784, subd. 2.

When the crime in this case was committed, the punishment was that provided by section 11784.

The petitioner is now before us on the writ of habeas corpus, and the validity of his sentence is attacked upon the following grounds:

1. The sentence is void because made by virtue of a statute not in force at the time the crime was committed.

2. The act is unconstitutional and void in so far as it provides for the sentence of persons convicted of crimes committed before it took effect.

3. That it repealed those portions of previous statutes providing a different punishment than provided by its provisions, and petitioner could not be sentenced under the provisions of the act in force at the time the crime was committed.

4. That if the effect of the act was not to so repeal said statute, it operated as an amendment or exclusive provision for the sentence and punishment of all persons convicted of crime after it took effect, and therefore there was no law in force at the time the petitioner was convicted and sentenced authorizing any punishment whatever, except confinement in the county jail.

5. The said sentence being void, and having been in part carried into effect, this court has no jurisdiction to remand petitioner for sentence, if a lawful one might have been inflicted under the original statute applicable to his offense.

The provisions of Act No. 136, Pub. Acts 1903, material here are:

"SECTION 1. Every sentence to the State prison at Jackson, to the Michigan reformatory at Ionia, to the State house of correction and branch of the State prison in the Upper Peninsula, and to the Detroit house of correction, of any person hereafter convicted of a crime, except of a person sentenced for life, or a child under fifteen years of age, shall be an indeterminate sentence as hereinafter provided. The term of imprisonment of any person so convicted and sentenced shall not exceed the maximum term provided by law for the crime for which the prisoner was convicted

and sentenced, and no prisoner shall be discharged until after he shall have served at least the minimum term as provided by law for the crime for which he was convicted: *Provided,* that in all cases where the maximum sentence, in the discretion of the court, may be for life or any number of years, the court imposing the sentence shall fix the maximum sentence: *Provided* further, that in all cases where no minimum sentence is fixed by law, the court imposing sentence shall fix such minimum, which minimum shall not be less than six months.

"SEC. 2. If, through oversight or otherwise, any person shall be sentenced to imprisonment in the said State prisons for a definite period of time other than for life, said sentence shall not for that reason be void, but the prisoner so sentenced shall be entitled to the benefit and subject to the liabilities of this act, in the same manner and to the same extent, as if the sentence had been in the terms required in section one of this act: *Provided,* that in these cases where no minimum sentence is fixed by the court, the minimum limit of any such sentence in any case shall not be for a less period than one year, except in those instances where the minimum limit is now fixed or which may hereafter be fixed or provided for by law."

*Wilson & Cobb,* for petitioner.

*Charles A. Blair,* Attorney General, for respondent warden of State prison.

GRANT, J. (*after stating the facts*).  1. The attorney general conceded that the indeterminate sentence act, if retroactive, is unconstitutional and void in so far as it authorizes crimes committed before it took effect to be punished under it.  This is obvious, for the punishment is increased, as the minimum punishment under the act is greater than that provided by section 11784, subd. 2, 3 Comp. Laws.

Is the act retroactive?  The legislative intent must govern when it can be ascertained.  "It is a sound rule of construction that a statute should have a prospective operation only, unless its terms show clearly a legislative intention that it should operate retrospectively."  Cooley,

Const. Lim. (6th Ed.) 455; End. Int. of Stat. § 271;. *Angell* v. *City of West Bay City*, 117 Mich. 685 (76 N. W. 128). The legislature is presumed to know that penal statutes cannot be made retroactive. It should therefore be held that they intended such a statute to act prospectively, if the language would reasonably permit such a. construction.

"A thing which is within the spirit of a statute is within the statute, although not within the letter; and the thing within the letter is not within the statute, unless within the intention." *Common Council of Detroit* v. *Rush*, 82 Mich. 542 (46 N. W. 951, 10 L. R. A. 171).

We are therefore of the opinion that the legislature, in providing for the sentence of persons "hereafter convicted of crime," intended only crimes committed after the act took effect.

2. Is the previous law (3 Comp. Laws, § 11784)—the statute in force when the crime was committed—repealed. by the indeterminate sentence act of 1903? We can look only to the statute for any crime punishable in this State. We look to the common law for definitions and principles. in our criminal-jurisprudence, but, unless the statute provides a penalty, acts criminal at the common law are not crimes in this State. *In re Lamphere*, 61 Mich. 105 (27 N. W. 882). If the penalty for attempts be taken away,. the entire statute falls with it. Under petitioner's contention, therefore, the law of attempts is repealed by the act of 1903, and no such law is now in force. Other criminal statutes would also be repealed. The legislature will not. be presumed to have intended such a wholesale repeal of criminal statutes, and jail delivery of all those guilty of crimes under such statutes, but not then convicted and sentenced. "An interpretation of a statute which must lead to consequences which are mischievous and absurd is. inadmissible, if the statute is susceptible of another interpretation by which such consequences can be avoided." Suth. Stat. Con. § 238; *Alvord* v. *Lent*, 23 Mich. 369.

"Not unfrequently a clause is inserted in a statute repealing all laws in conflict or inconsistent with it, 'contravening' it, or the like. If the provisions of the former and present enactments are in direct contrariety, the repeal takes place, but only to the extent of the repugnance. If, on the other hand, by any reasonable contracting, expanding, cutting short, or extending of the old laws or the new, as explained in the foregoing chapter, they can be brought into harmony without repeal, the interpretation should be so, and all suffered to stand together." Bishop on Stat. Crimes, par. 2, § 152.

See, also, *Smith* v. *People,* 47 N. Y. 330. Where a subsequent act is absolutely repugnant to and inconsistent with any other provisions of a prior act, the former act is repealed to the extent of such repugnance only, and the repugnancy must be clear and unavoidable. *Connors* v. *Iron Co.,* 54 Mich. 168 (19 N. W. 938); *Tillotson* v. *City of Saginaw,* 94 Mich. 240 (54 N. W. 162); *Crane* v. *Saginaw Circuit Judge,* 111 Mich. 496 (69 N. W. 721).

A statute in conflict with a prior statute in so far as the one is in conflict with the other, is no more effective as a repeal than if such repealing clause were omitted. In either case the former statute is repealed in so far as the later one is in conflict with it. In *Murphy* v. *Commonwealth,* 172 Mass. 264 (52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266), the indeterminate sentence act is nearly identical in its terms with that of Michigan. It was held that it did not repeal a prior act which entitled a prisoner to a deduction for good behavior. The court in that case said:

"To hold that that statute operates by necessary implication as a repeal of it to that extent, as it would seem that we should be obliged to do if the statute of 1895 (Stat. 1895, chap. 504) is construed to apply to all sentences to State prison after it took effect, whether the offenses occurred before or after it went into operation (*Flaherty* v. *Thomas,* 12 Allen, 428, and *Commonwealth* v. *McDonough,* 13 Allen, 581), would result in the discharge of all persons who might have been sentenced under it to the State prison for offenses committed before it took effect.

On the other hand, by construing it, as we think properly may be done pursuant to the general rule that statutes are to be construed prospectively, to apply to sentences for offenses committed after it took effect, this difficulty will be avoided."

After the first act providing for indeterminate sentences was declared unconstitutional (*People* v. *Cummings,* 88 Mich. 249 [50 N. W. 310, 14 L. R. A. 285]), the people adopted a constitutional amendment authorizing such sentences. The present act was passed in accord with that amendment. It was not intended to repeal any of the statutes providing for criminal offenses. It recognized such crimes as still existing under the various laws of the State, and provided only a new mode or character of punishment, which the people and the legislature believed would tend to the reformation of criminals. It was evidently intended, and should be regarded, rather as an amendment to the criminal statutes. We must therefore hold that it did not operate as a repeal of the statute under which the petitioner was convicted.

3. It follows that the petitioner could not have been sentenced under the indeterminate sentence act. The court imposing the sentence considered that the petitioner should be sentenced for at least $2\frac{1}{2}$ years. The sentence would evidently have been no less if the court had imposed the sentence under section 11784. In *Murphy* v. *Commonwealth,* supra, which was before the court on writ of error, the prisoner was remanded for sentence under the prior law. It is contended that this court cannot so order under the writ of habeas corpus, where the sentence has been partly executed. We need not determine this point. In *People* v. *Cummings,* which was also brought to this court on a writ of error, the sentence was affirmed as to the minimum term. If the sentence was a valid one as to such term upon a writ of error, it would not be good logic to say that it was void when coming before the court on a writ of habeas corpus. If valid in the one case, it is

equally valid in the other.    In this respect we must follow our own decisions.

The sentence for the minimum time is therefore affirmed, and the prisoner remanded to complete that term of imprisonment, in accordance with the law and rules in existence at the time of the commission of the crime.

The other Justices concurred.