PEOPLE *v.* SCHOENBERG.

1. CRIMINAL LAW—INTOXICATING LIQUORS—REPEAL OF STATUTE—SAVING CLAUSE—EFFECT OF OMITTING.
Act No. 291, Pub. Acts 1909, amending specified sections of 2 Comp. Laws, § 5378 *et seq.*, and repealing inconsistent acts, without a clause saving offenses under the previous act, does not have the effect, as to offenses committed under the old law, of repealing the prohibition and penalty for keeping

saloons open on Sunday; because the legislative intent was to continue in force the sections applicable, in so far as they were re-enacted and the amendments are not repugnant to the original law.

2. STATUTES—CONSTRUCTION—REPEAL BY IMPLICATION.

An interpretation of a statute that must lead to consequences which are mischievous and absurd is inadmissible if the statute is susceptible of another interpretation by which such consequences can be avoided.

3. CRIMINAL LAW—STATUTES—PROSPECTIVE OPERATION—INTOXI-CATING LIQUORS.

The provisions of Act No. 291, Pub. Acts 1909, § 36, providing that two convictions render the liquor dealer ineligible for a license, and amending chapter 138, 2 Comp. Laws, which based such ineligibility on one offense only, are of a prospective character and could have no bearing upon prosecutions pending at the time the amended act took effect; so that a conviction thereafter for an offense under the original act should not be counted as one of the two convictions.

Error to Muskegon; Sessions, J. Submitted February 14, 1910. (Docket No. 163.) Decided April 1, 1910.

Charles Schoenberg was convicted of keeping his saloon open on Sunday, and sentenced to imprisonment in the county jail for 30 days and to pay a fine of $150. Affirmed.

*Stephen H. Clink*, for appellant.

*Alex. Sutherland*, Prosecuting Attorney, and *Wallace Foote*, Assistant Prosecuting Attorney, for the people.

On August 23, 1909, an information was filed against respondent, wherein he was charged with keeping his saloon open on Sunday. Being arraigned on that day, he pleaded guilty, but, after a private consultation with the court, was permitted to withdraw that plea, and, standing mute, the court directed a plea of "not guilty" to be entered. On September 20, 1909, respondent was permitted to again plead guilty, and such plea was accepted and ordered entered by the court. On October 18, 1909, re-

spondent was sentenced to 30 days in jail and to pay a fine of $150 and costs, taxed at $30.15. Respondent has removed the case to this court by writ of error.

BROOKE, J. (*after stating the facts*).    But two assignments of error are urged by respondent:

"(1) The court erred in passing sentence and judgment on respondent, because the present liquor law, so called, of the State of Michigan, which took effect September 1, 1909, being Act No. 291, Pub. Acts 1909, repealed the law that was in force at the time that said offense was committed (Act No. 313, Pub. Acts 1887), as charged in said information, and that said Act No. 291 has no saving clause with reference to offenses committed before said act took effect.

"(2) That the court erred in pronouncing sentence and judgment, because the law, which makes acts charged against your petitioner in said information an offense at the time they were committed, has been repealed, and is not now in force or effect."

Act No. 291, Pub. Acts 1909, is entitled:

"An act to amend the title and sections one, two, four, five, six, seven, eight and seventeen of Act No. three hundred and thirteen of the Public Acts of eighteen hundred eighty-seven, entitled 'An act to provide for the taxation and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving or delivering spirituous and intoxicating liquors, and malt, brewed or fermented liquors and vinous liquors in this State, and to repeal all acts or parts of acts inconsistent with the provisions of this act,' as amended, said sections being compilers' sections five thousand three hundred seventy-nine, five thousand three hundred eighty, five thousand three hundred eighty-two, five thousand three hundred eighty-three, five thousand three hundred eighty-four, five thousand three hundred eighty-five, five thousand three hundred eighty-six, and five thousand three hundred ninety-five of the Compiled Laws of eighteen hundred ninety-seven, and to further amend said act by adding five new sections thereto to stand as sections thirty-five, thirty-six, thirty-seven, thirty-eight and thirty-nine."

The title as amended is as follows:

" An act to provide for the taxation, licensing and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving or delivering spirituous and intoxicating liquors and malt, brewed or fermented liquors and vinous liquors in this State, and to repeal all acts or parts of acts inconsistent with the provisions of this act."

This title is identical with the title of the old law governing the liquor traffic, except that the word " licensing " has been inserted in this title. 2 Comp. Laws, chap. 138. Section 7 of the old act (§ 5385) is in part as follows:

" If any person or persons shall engage or be engaged in any business requiring the payment of a tax under section one of this act, without having paid in full the tax required by this act, and without having the receipt and notice for such tax posted up as required by this act, or without having made, executed and delivered the bond required by this act, or shall in any manner violate any of the provisions of this act, such person or persons shall be deemed guilty of a misdemeanor, and, upon conviction thereof, if there is no specific penalty provided therefor by this act, shall be punished by a fine of not more than two hundred dollars and costs of prosecution, or by imprisonment in the county jail not less than ten days nor more than ninety days, or both such fine and imprisonment in the discretion of the court. And in case such fine and costs shall not have been paid at the time such imprisonment expires, the person serving out such sentence shall be further detained in jail until such fine and costs shall have been fully paid: *Provided*, That in no case shall the whole term of imprisonment exceed six months. And any person or persons engaged in any business requiring the payment of a tax under section one of this act, who, after paying the tax so required, shall be convicted of a violation of any of the provisions of this act, shall thereby, in addition to all other penalties prescribed by this act, forfeit the tax so paid by him or them, and be precluded from continuing such business for the remainder of the year or time for which said tax was paid, and be debarred from again engaging in any business requiring the payment of a tax under section one of this act, or from becoming a surety or sureties upon any bond required under section seven of this act, for the period of one year from the time of such conviction."

Section 7, Act No. 291, Pub. Acts 1909, is in part as follows:

" If any person or persons shall engage or be engaged in any business requiring the payment of a tax under section one of this act, without having his or their application for a license approved and bond approved as provided in this act, and without having paid in full the license fee required by this act, and without having the receipt and license for such tax posted up as required by this act, or without having made, executed and delivered the bond required by this act, or shall in any manner violate any of the provisions of this act, such person or persons shall be deemed guilty of a misdemeanor, and upon conviction thereof, if there is no specific penalty provided therefor by this act, shall be punished by a fine of not more than two hundred dollars and costs of prosecution, or by imprisonment in the county jail not less than ten days nor more than ninety days, or both such fine and imprisonment in the discretion of the court. In case such fine and costs shall not have been paid at the time such imprisonment expires, the person serving out such sentence shall be further detained in jail until such fine and costs shall have been fully paid: *Provided,* That in no case shall the whole term of imprisonment exceed six months. Any person or persons engaged in any business requiring the payment of a license fee under section one of this act, who after paying the license fee so required, shall be a second time convicted of a violation of any of the provisions of this act, shall thereby forfeit entirely the privilege and rights conferred upon such person or persons by the license issued to such person or persons upon payment of the license fee herein required, and during the remainder of the period covered by such license such person or persons shall not carry on the business specified in said license at the place specified in said license."

Section 17 of each act provides for the closing of saloons at certain hours and upon Sundays. Section 36, Act No. 291, provides:

" No license shall be issued to any one to engage in the retail liquor business in this State, who has been convicted two times in a court of record of a violation of the liquor laws of the State of Michigan, or any other State after this act takes effect," etc.

We are asked by respondent to say that, by the passage of Act No. 291, Pub. Acts 1909, sections 7 and 17 of the old law were repealed, and that as the new law contains no saving clause as to prosecutions pending under the old law, all offenses committed under the old law are wiped out.   It will be noticed that the old law consisted of 34 sections.   Twenty-seven of these were left untouched, 7 sections and the title were amended, and 5 new sections were added.   Both the old law and the new have the same object—the regulation of the liquor traffic.   The new law, in its title, in terms declares itself to be amendatory only of the title and certain enumerated sections of the old.   The sections amended are, in large part, re-enacted.   An examination of section 17 of both acts shows that the offense with which respondent  stands  charged, viz., keeping saloon open on Sunday, is defined in both sections in identical terms.   The direct punishment for this offense, as defined in section 7, Act No. 291, is identical with the direct punishment provided in section 7 of the old act.   Section 7 of the old act provides for certain results, as to forfeiture, upon a single conviction.   Section 7 of the new act makes no provision for forfeiture upon a single conviction, but makes a second conviction ground therefor.

We are clearly of the opinion that it was the legislative purpose to continue in effect the provisions of sections 7 and 17 so far as they were re-enacted, and therefore that there was no necessity for a clause saving prosecutions under the old law.   That Act No. 291 repeals such of the old law as is repugnant to its terms is not questioned, but we are unable to discover any repugnancy in those portions of sections 7 and 17, under which respondent is charged and has been sentenced.   The contrary view would lead to the astounding result that all those who had been guilty of breaches of provisions of the old law, if not sentenced until after the new law went into effect (September 1, 1909) would entirely escape punishment, although the new law defined the offense in the same terms

and provided the same penalty as the old. Common sense prohibits such construction.

"An interpretation of a statute which must lead to consequences which are mischievous and absurd is inadmissible, if the statute is susceptible of another interpretation by which such consequences can be avoided." 2 Lewis' Sutherland on Statutory Construction (2d Ed.), § 367.

See, also, *Alvord* v. *Lent,* 23 Mich. 369.

A repealing statute, without a saving clause, which substantially re-enacts the law repealed, will not affect pending suits. *Merkle* v. *Township of Bennington,* 68 Mich. 133 (35 N. W. 846). See, also, *Alexander* v. *City of Big Rapids,* 70 Mich. 224 (38 N. W. 227); *Moore* v. *Township of Kenockee,* 75 Mich. 332 (42 N. W. 944, 4 L. R. A. 555); *Dennison* v. *Allen,* 106 Mich. 295 (64 N. W. 38); *Brady* v. *Hayward,* 114 Mich. 326 (72 N. W. 233).

In *Davenport* v. *Auditor General,* 70 Mich. 192 (38 N. W. 211), the court said:

"These provisions of the law of 1882, as to the assessment of property and the board of review, were substantially re-enacted in the tax law of 1885. Therefore this portion of the law of 1882 has never been repealed."

*Crane* v. *Saginaw Circuit Judge,* 111 Mich. 496 (69 N. W. 721). See, also, *People* v. *Kinney,* 110 Mich. 97 (67 N. W. 1089).

In *Attorney General* v. *Commissioner of Railroads,* 117 Mich. 477 (76 N. W. 69), it was held that, where a subsequent statute covers the whole ground occupied by an earlier statute, it repeals by implication the former statute, though there be no repugnance, citing *Shannon* v. *People,* 5 Mich. 85, *Roche* v. *Mayor, etc., of Jersey City,* 40 N. J. Law, 257, and other cases. We think, however, that the statute under consideration is, for the reasons pointed out, not of this character.

In *Sage* v. *State,* 127 Ind. 15 (26 N. E. 667), it is said:

"Principle forbids the conclusion that an amendatory

statute, defining an offense in substantially the same language as that employed in the statute it amends, takes away the right of the State to prosecute the offender, and requires his unconditional discharge. It cannot be logically affirmed, where the same offense is defined in the same way by both the earlier and the later statute, that there is an interregnum in which there was no law defining the offense. The two acts interfuse and blend so fully and compactly that it is impossible that there can be an interval when there was no law. Between the two acts there is no period of intervening time in which no offense existed. The duration of the statutes was unbroken and continuous, and the crime one and the same. The amendatory act creates no new offense, nor does it absolve an offender from one previously committed "—citing cases.

We have seen that section 36, Act No. 291, provides that two convictions for violation of the liquor laws of the State render a person ineligible for a license, if the convictions are had after the new act takes effect. This provision is, by its terms, prospective in its operation, and could have no bearing upon prosecutions pending at the time the new statute became law, nor would a conviction, had after the new law took effect, for an offense committed before that time, be a conviction within the meaning of section 36, and thus count as one of the two convictions which would render the offender ineligible for a license. See *In re Lambrecht*, 137 Mich. 450 (100 N. W. 606).

The conviction is affirmed, and respondent is remanded to serve the sentence imposed.

HOOKER, MOORE, MCALVAY, and STONE, JJ., concurred.