*In re* WRIGHT.

1. STATUTES—ENACTMENT OF AMENDMENT—CONSTITUTIONAL LAW.
   Provision of Constitution that a section of the statutes being "altered or amended shall be re-enacted and published at length" does not apply to statutes, complete in themselves, which amend earlier statutes by implication (Const 1908, art 5, § 21).

2. SAME—CONSTRUCTION—CRIMINAL PENALTY.
   A newly-enacted statute providing a penalty for its violation is to be construed prospectively.

3. SAME—CONSTRUCTION PROSPECTIVELY.
   A newly-enacted statute providing a penalty for an offense, covered in part by a previous statute, will be construed prospectively and the earlier statute will apply to offenses which had been committed prior to the effective date of the later statute.

4. CRIMINAL LAW—NARCOTIC DRUGS—STATUTES.
   Statute supplemental to other laws of the State and United States relative to narcotic drugs and providing for much more severe penalties upon conviction thereunder than for same offenses under previously existing State statute is construed as operative prospectively only, offenses which had been committed prior to its effective date being punishable under the statute theretofore in effect (CL 1948, § 335.51 *et seq.*, as amended by PA 1951, No 175; CLS 1956, § 335.151 *et seq.*).

Habeas corpus by Wilbur Wright, an inmate of the State Prison of Southern Michigan, with ancillary writ of certiorari to Genesee circuit court, to

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes §§ 135, 136.
[2] 50 Am Jur, Statutes §§ 477, 478.
[3, 4] 50 Am Jur, Statutes §§ 477, 478, 571.

test validity of sentence for illegal sale of narcotic drugs. Submitted April 6, 1960. (Calendar No. 48,606.) Writ dismissed July 11, 1960.

*Wilbur Wright, in propria persona.*

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, for the people.

SOURIS, J. Petitioner was convicted in 1956 of sale of narcotics in violation of PA 1952, No 266 (CLS 1956, § 335.151 *et seq.* [Stat Ann 1957 Rev § 18.1121 *et seq.*]), and was sentenced to imprisonment for 20 years to life. He now challenges the court's jurisdiction by petition for writ of habeas corpus, claiming said act to be unconstitutional for its failure to comply with the requirements of Michigan Constitution 1908, art 5, § 21, and for violation of the Fourteenth Amendment to the Federal Constitution in its application to him.

At the beginning of 1952, the uniform narcotic drug act, PA 1937, No 343* (CL 1948, § 335.51 *et seq.,* as amended [Stat Ann 1951 Cum Supp § 18.1071 *et seq.*]), provided, in pertinent part, as follows:

"Sec. 2. It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this act."

"Sec. 20. Any person violating any provision of this act, except those convicted of offenses involving minors, shall be guilty of a felony, punishable by imprisonment in the State prison for not more than 4 years or by a fine of not more than $2,000 or by both such fine and imprisonment.

---

* As amended by PA 1951, No 175.

"Any person who sells, prescribes, administers, or dispenses any narcotic drug to any minor, except as authorized in this act, or any person who possesses or has under his control any narcotic drug with the intention of selling, prescribing, administering, or dispensing said drug to any minor, except as authorized in this act, shall be guilty of a felony, punishable by imprisonment in the State prison for a term of not less than 5 years nor more than 20 years, and in addition thereto by a fine of not more than $5,000."

The act further provided for licensing certain persons dealing in narcotic drugs and exempted such licensed persons from certain, but not all, of the proscriptions contained in the act.

On May 7, 1952, PA 1952, No 266, was enacted and given immediate effect. Section 2 of the act provided:

"Sec. 2. Any person not having a license under the provisions of Act No. 343 of the Public Acts of 1937, as amended, being sections 335.51 to 335.78, inclusive, of the Compiled Laws of 1948, who shall sell, manufacture, produce, administer, dispense, or prescribe any narcotic drug shall be deemed guilty of a felony, and upon conviction thereof shall be punished by imprisonment in the State prison for a term of not less than 20 years nor more than life."

Section 7 of the act provided that it shall ,be construed as supplemental to and in conjunction with narcotic drug laws of the State and of the United States.

Petitioner contends that PA 1952, No 266, as to his offense, did no more than increase the penalty (from imprisonment for not more than 4 years or a fine of not more than $2,000, or both, to imprisonment for not less than 20 years nor more than life) for conduct already proscribed by PA 1937, No 343, as amended, and that, therefore, it was nothing more

than an implied amendment of the earlier statute. He contends that, because it failed to re-enact and publish at length the sections of the earlier act altered or amended, as required by article 5, § 21, of the Michigan Constitution of 1908, it was constitutionally invalid. He further contends that, if it is invalid, he was convicted and is being imprisoned without due process of law in contravention of the Fourteenth Amendment to the Federal Constitution or, in the alternative, if it is not invalid and if it did not have the effect of impliedly repealing the earlier act, he was denied equal protection of the laws in violation of the same amendment because there would then be 2 distinct penalties provided for the same conduct which can be invoked discriminatorily by the State.

This Court long has recognized the inapplicability of article 5, § 21, of the Michigan Constitution of 1908 to statutes, complete in themselves, which amend earlier statutes by implication. Thus, in *People, ex rel. Drake,* v. *Mahaney,* 13 Mich 481, 496, Mr. Justice Cooley was "unable to see" how an act which transferred duties from certain officers to other officers, and thereby had "an amendatory effect by implication," could conflict with the predecessor* of the constitutional provision here involved. See, also, *Checker Mutual Automobile Insurance Company* v. *Wayne Circuit Judge,* 330 Mich 553, 557, 558, and 5 ALR2d 1270.

Were we to hold that PA 1952, No 266, repealed PA 1937, No 343, to the extent that it described an offense covered by Act No 343 and prescribed a different penalty therefor, we would have to presume that the legislature intended to grant immunity to all those who had violated Act No 343 but who had not yet been convicted and sentenced when Act No 266 became effective. This we need not presume,

---

* Art 4, § 25, Const (1850).—Reporter.

a logical alternative being available. *In re Lambrecht,* 137 Mich 450. As in *Lambrecht,* pursuant to the general rule that newly-enacted statutes are to be construed prospectively, we construe Act No 266 to apply to offenses committed after it took effect and Act No 343 to apply to offenses which had been committed prior thereto. The absurd consequences which would otherwise follow are thus avoided. That the legislature so intended is indicated by the use of the words "any person * * * who shall * * *" in sections 2, 3, and 4 of the act, and by the legislative mandate contained in section 7 thereof that it be "construed as supplemental to and in conjunction with the laws of the State of Michigan and of the United States with respect to narcotic drugs." For other authorities in support of the general rule here applied, see 16 CJ, Criminal Law, § 32, p 69; *Porter* v. *Edwards,* 114 Mich 640, 643; and *People* v. *Hobson,* 48 Mich 27, 29.

Petitioner points out that about 3 weeks before enactment of Act No 266, and during the same session of the legislature, there was passed another act (PA 1952, No 132*) which specifically amended Act No 343 so as to make its provisions applicable only to those duly licensed under the act. Act No 132, unlike Act No 266, was not given immediate effect and, hence, became effective on September 18, 1952, 90 days following the end of the legislative session. Michigan Const 1908, art 5, § 21. Whatever effect Act No 132 had on Act No 343, it had none on Act No 266, for violation of which petitioner was tried and convicted in 1956.

Writ dismissed.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

---

* CLS 1956, §§ 335.52, 335.70 (Stat Ann 1957 Rev §§ 18.1072, 18.1090).