CHARTER TOWNSHIP OF MERIDIAN v CITY OF EAST LANSING

Docket No. 49881. Submitted June 17, 1980, at Lansing.—Decided November 21, 1980. Leave to appeal applied for.

In July, 1979, petitions were presented to the Ingham County Clerk seeking annexation of a portion of Meridian Township to the City of East Lansing. The clerk certified the petitions and directed the question to be placed on the November 6, 1979, general election ballot. The annexation was approved by the voters. Meridian Township brought an action against the Ingham County Clerk and the Ingham County Election Scheduling Committee seeking to invalidate the annexation referendum. Richard N. Conti was joined as a plaintiff, and the City of East Lansing was joined as a defendant. The Ingham Circuit Court, Jack W. Warren, J., declared the annexation election to be invalid, holding that the provisions of the charter township act pertaining to the filing and determination of validity of petitions for annexation unconstitutionally repealed a similar provision of the home rule cities act and failed to provide sufficient standards for exercise of the authority granted to the county clerk by the act. The City of East Lansing appeals. *Held:*

1. The charter township act is an act complete within itself, requiring reference to no other acts for a determination of the import of its provisions or in order for it to be effectuated. Such an act, even though it repeals another statute by implication, does not violate the constitutional prohibition against revising or altering a law without reenactment and republication of the law so altered or amended.

2. Numerous statutes deal with the form of petitions and the manner in which they are to be validated. There was no allegation in this case that the county clerk applied any incorrect standard in certifying the petitions as valid. Doubts as to technical or procedural deficiencies should be resolved in favor of permitting the people to vote on any proposal subject to

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 392.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 63, 71.
[3] 26 Am Jur 2d, Elections § 224.

election. The results of the election may be deemed to cure any procedural deficiencies which resulted in placing a question on the ballot.

Reversed.

1. STATUTES — CONSTITUTIONAL LAW — REPEAL BY IMPLICATION.

An act which is complete within itself, requiring reference to no other act for a determination of the import of its provisions or in order for it to be effectuated, even though it repeals another statute by implication, does not violate the constitutional prohibition against revising or altering a law without reenactment and republication (Const 1963, art 4, § 25).

2. TOWNSHIPS — ANNEXATION — PETITIONS — STATUTES.

The provisions of the charter township act regarding the filing and processing of petitions seeking annexation elections do not give county clerks undue discretion in validating the petitions (MCL 42.34[5], [6]; MSA 5.46[34][5], [6]).

3. ELECTIONS — PLACING ISSUE ON BALLOT.

Generally, all doubts as to technical deficiencies or failure to comply with the exact letter of procedural requirements in placing an issue on the ballot are resolved in favor of permitting the people to vote and express their will on the matter; the results of the election may be deemed to cure any procedural deficiencies resulting in placement of the question on the ballot.

*Foster, Swift, Collins & Coey, P.C.* (by *David VanderHaagen* and *William K. Fahey),* for plaintiffs.

*McGinty, Halverson, Brown & Jakubiak, P.C.* (by *Dennis E. McGinty* and *Thomas M. Hitch),* for the City of East Lansing.

Amicus Curiae: Michigan Townships Association (by *Bauckham, Reed, Lang, Schaefer & Travis, P.C.).*

Before: ALLEN, P.J., and D. E. HOLBROOK, JR. and J. H. PIERCEY,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

D. E. HOLBROOK, JR., J. The instant case involves a so-called "pistol zone" annexation matter. Some years ago Michigan State University was annexed to the City of East Lansing; subsequently, the University built new dormitories. As it turned out the line dividing the annexed portions of the University campus from those portions which remained in the Charter Township of Meridian ran through the dormitories, so that some university students living inches from one another were required to vote in different municipalities. On July 26, 1979, petitions were presented to the Ingham County Clerk pursuant to § 34(5) and (6) of the charter township act, MCL 42.34; MSA 5.46(34), seeking annexation of the "pistol zone" to the City of East Lansing. On August 15, 1979, the clerk certified the petitions as containing the requisite number of signatures and being in suitable form and, pursuant to the Charter Township statute, directed that the annexation matter be submitted at the November 6, 1979, general election. The Election Scheduling Committee of the County of Ingham on August 29, 1979, confirmed the election date. At the general election then held, the annexation petition was approved by a two-to-one vote of East Lansing voters and by an almost four-to-one margin by those living in the "pistol zone" itself.

Upset with the loss of possibly more than $100,-000 annually in Federal and state revenue sharing funds, the Charter Township of Meridian attempted to invalidate the annexation referendum. On January 23, 1980, the Ingham County Circuit Court declared the annexation election invalid on the grounds that subsections (5) and (6) of § 34 of the charter township act, MCL 42.34; MSA 5.46(34), were unconstitutional. Defendant City of East Lansing appealed as of right. Pending deci-

sion, this Court issued an order staying the circuit court judgment.

The trial court held that 1978 PA 591, essentially a properly edited version of 1978 PA 242, amends § 9(11) of the home rule cities act, MCL 117.9(11); MSA 5.2088(11), in violation of Const 1963, art 4, § 25, which provides:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be reenacted and published at length."

The trial court held that subsections (5) and (6) of § 34 of the charter township act are a wholesale repeal of § 9(11) of the home rule cities act, and accordingly in violation of art 4, § 25.

In this conclusion the trial court erred. 1978 PA 591, the statute at issue, is an act complete within itself, containing provisions regarding annexation of portions of charter townships to contiguous cities or villages. The act requires reference to no other act regarding annexation for a determination of the import of its provisions or in order for it to be effectuated. An act thus complete within itself, even though repealing by implication another statute, is not one of the evils sought to be prevented by art 4, § 25 and is thus not a violation of that constitutional provision. *In re Wright,* 360 Mich 455; 104 NW2d 509 (1960), *Washtenaw County Road Comm'rs v Public Service Comm,* 349 Mich 663; 85 NW2d 134 (1957), *Lafayette Transfer & Storage Co v Public Utilities Comm,* 287 Mich 488; 283 NW 659 (1939), *Spillman v Weimaster,* 275 Mich 93; 265 NW 787 (1936), *People v Marxhausen,* 204 Mich 559; 171 NW 557 (1919), *People v Daily,* 178 Mich 354; 144 NW 890 (1914), *People*

*v Walter Johnson,* 85 Mich App 654, 659-660; 272 NW2d 605 (1978).

The second reason advanced by the trial court, that the act fails to indicate sufficient standards for exercise of the authority granted and delegated to the county clerk therein, is likewise unsupportable on this record. The pertinent section is subsection (6), which provides, in relevant part:

"If a petition is filed pursuant to subsection (5), the county clerk, after determining the validity of the petition, shall order a referendum on the question of annexation."

The county clerk testified that in determining the validity of the petition, he referred to other statutes, including the home rule cities act, which contain specifications for the form, circulation, and notarization of petitions relating to election matters. The trial court felt that this involved unbridled discretion by the county clerk. This conclusion was clearly erroneous.

Numerous statutes in this state deal with the form of petitions and the manner by which signatures on petitions are checked for validity. No allegation has been made in this case that the county clerk applied any inappropriate standard in certifying the petitions filed with him regarding this annexation as valid, or that some other standard should have been applied and, if applied, would have led to the invalidating of these petitions.

Matters of concern to one inquiring as to the validity of petitions would be whether the requisite number of signatures required by the statute, in this case 20 percent of the electors of the city, are present, meaning that the signatures must be checked, as with any election petition, against

those on file with the county clerk regarding eligible voters. The petitions must have been circulated only in the affected area, must bear the names and signatures of the circulators, and must be in sufficiently clear terms so that those signing the petition can be assumed to have understood to what it was they were appending their signatures. As a 200-year history of democracy in this country and nearly 150 years in this state have given county clerks substantial experience in such matters, ample standards exist by which clerical discretion in determining the validity of such petitions can be guided, measured, and restricted. As a general principle, all doubts as to technical deficiencies or failure to comply with the exact letter of procedural requirements are resolved in favor of permitting the people to vote and express their will on any proposal subject to election. *Boucher v Engstrom,* 528 P2d 456, 562 (Alas, 1974), *Cope v Toronto,* 8 Utah 2d 255; 332 P2d 977 (1958); see also, *Thompson v Secretary of State,* 192 Mich 512, 521-522; 159 NW 65 (1916), *Alexander v Mitchell,* 119 Cal App 2d 816; 260 P2d 261 (1953), *Brownlow v Wunsch,* 103 Colo 120; 83 P2d 775 (1938). The results of the election may be deemed to cure any procedural deficiencies resulting in placement of the question on the ballot. *State ex rel Graham v Board of Examiners,* 125 Mont 419; 239 P2d 283 (1952), *Brown v Morris,* 365 Mo 946; 290 SW2d 160 (1956), *City of Jackson v Comm'r of Revenue,* 316 Mich 694, 716-719; 26 NW2d 569 (1947).

In view of the foregoing the judgment of the trial court is reversed and the annexation held valid by this Court. No costs, a public question involved.