WEBER v TOWNSHIP OF ORION BUILDING INSPECTOR

Docket No. 80474. Submitted December 4, 1985, at Lansing.—Decided March 4, 1986. Leave to appeal applied for.

Plaintiffs, Everett J. Weber and Geraldine A. Weber, had a valid license issued by the Department of Natural Resources to operate a solid waste disposal area or sanitary landfill in Orion Township. Plaintiffs filed suit in Oakland Circuit Court against defendants Orion Township Building Inspector and Orion Township Board seeking a determination that certain local ordinances preventing them from operating a sanitary landfill were unenforceable under a provision of the Solid Waste Management Act. Defendants answered and contended that if the Solid Waste Management Act rendered the ordinances unenforceable, the Solid Waste Management Act was an unconstitutional amendment to the township rural zoning act. The circuit court, Robert L. Templin, J., granted summary judgment for plaintiffs, holding that under a provision of the Solid Waste Management Act, defendant township was preempted from enforcing its ordinances to the extent that the ordinances interfered with the construction and operation of plaintiffs' landfill. Defendants appealed. *Held:*

1. All local regulations concerning the operation of a landfill are preempted by the Solid Waste Management Act.

2. The circuit court did not address the issue of whether the Solid Waste Management Act, in preempting the township's ordinances, violated Const 1963, art 4, § 25 by amending the township rural zoning act without reenacting and publishing that act at length. However, in the interest of judicial economy and in light of the fact that the parties have had 10 years of ongoing litigation, the Court of Appeals addressed the issue and held that the Solid Waste Management Act does not constitute an improper amendment of any statutory scheme related to the township's regulatory powers over land within its borders. An act complete within itself, even though amending another

REFERENCES

Am Jur 2d, Pollution Control §§ 46-49, 244-246.

Applicability of zoning regulations to waste disposal facilities of state or local government entities. 59 ALR3d 1244.

statute or act by implication, is not one of the evils sought to be prevented by Const 1963, art 4, § 25.

Affirmed.

1. ENVIRONMENT — LANDFILLS — SOLID WASTE MANAGEMENT ACT — PREEMPTION.

A local ordinance that conflicts with the Solid Waste Management Act is not enforceable; all local regulations concerning the operation of a landfill are preempted by the Solid Waste Management Act (MCL 299.430[4]; MSA 13.29[30][4]).

2. STATUTES — AMENDMENT OF STATUTES — CONSTITUTIONAL LAW.

An act complete within itself, even though amending another statute or act by implication, is not one of the evils sought to be prevented by a constitutional provision which prohibits the alteration or amendment of an act without republishing or reenacting every previous statute or act affected (Const 1963, art 4, § 25).

*Cooper & Fink* (by *Daniel S. Cooper* and *David H. Fink*), for Michigan Waste Systems.

*Stuart B. Cooney,* for the Webers.

*Beier, Howlett, Hayward, McConnell, McCann, Jones, Kingsepp & Shea* (by *Eric J. McCann* and *Charles J. Porter*), for defendants.

Before: CYNAR, P.J., and WAHLS and GRIBBS, JJ.

PER CURIAM. Plaintiffs Weber have been involved in litigation for 10 years in an attempt to construct and operate a solid waste disposal area or sanitary landfill on their 190-acre tract in Orion Township in Oakland County. In previous litigation, Orion Township challenged the validity of plaintiffs' license from the Department of Natural Resources to operate a solid waste disposal area. In *Weber v Orion Twp,* 136 Mich App 689; 358 NW2d 576 (1984), *lv den* 422 Mich 973 (1985), this Court affirmed the circuit court's determination that plaintiffs held a valid license. The present litiga-

tion from which the appeal arose concerned the constitutionality of the Solid Waste Management Act, MCL 299.401 *et seq.;* MSA 13.29(1) *et seq.* On appeal from the circuit court's grant of summary judgment for plaintiffs, defendants-appellants challenge the constitutionality of the Solid Waste Management Act on the basis that it violates Const 1963, art 4, § 25, by amending the township rural zoning act, MCL 125.271 *et seq.;* MSA 5.2963(1) *et seq.,* without reenacting and publishing the act at length. We affirm the circuit court's grant of summary judgment for plaintiffs.[1]

On September 30, 1983, having previously secured a circuit court determination that they had a valid license, plaintiffs Weber sought a circuit court determination that certain local ordinances preventing them from operating a sanitary landfill were unenforceable under section 30(4) of the Solid Waste Management Act. In response, defendants argued that if the Solid Waste Management Act rendered the Orion Township ordinances unenforceable, the Solid Waste Management Act was an unconstitutional amendment to the township rural zoning act because Const 1963, art 4, § 25, prohibits the alteration or amendment of an act without reenacting and publishing the act at length. On September 10, 1984, the circuit court granted summary judgment for plaintiffs, holding that under section 30(4) of the Solid Waste Management Act, the Township of Orion was "preempted from enforcing its ordinances to the extent that said ordinances would interfere with construction and operation of [plaintiffs'] landfill".

---

[1] We note that the Township of Orion, a subdivision of the state, has no standing to challenge the constitutionality of an act of the state, herein the Solid Waste Management Act, but we have chosen to discuss the issue on its merits. See *East Jackson Pub Schools v State of Michigan,* 133 Mich App 132, 139-140; 348 NW2d 303 (1984), *lv den* 419 Mich 943 (1984), and *Berrien County v State of Michigan,* 136 Mich App 772, 778; 357 NW2d 764 (1984), and cases cited therein.

We agree with and affirm the circuit court's ruling that any local ordinance in conflict with the Solid Waste Management Act is not enforceable. MCL 299.430(4); MSA 13.29(30)(4). Moreover, all local regulations concerning the operation of a landfill are preempted by the Solid Waste Management Act. *Southeastern Oakland County Incinerator Authority v Avon Twp*, 144 Mich App 39, 46; 372 NW2d 678 (1985). However, the issue argued by the parties on appeal, whether the Solid Waste Management Act, in preempting the township's ordinances, violates Const 1963, art 4, § 25, by amending the township rural zoning act without reenacting and publishing the act at length, was never addressed by the circuit court. In the interest of judicial economy and in light of the fact that the litigation between the parties has been ongoing for 10 years, we address this issue on appeal instead of remanding it for initial examination by the circuit court. MCR 7.216.

On appeal, plaintiffs contend, and defendants do not dispute, that the ordinances in question[2] were not zoning ordinances adopted pursuant to the township rural zoning act. This very fact, conceded by defendants, would be dispositive of defendants' argument in the instant case. If the preempted ordinances were not zoning ordinances enacted pursuant to the township rural zoning act, defendants cannot in this case argue that the Solid Management Waste Act, by preempting these ordinances, improperly amends the township rural zoning act in violation of Const 1963, art 4, § 25. Defendants cannot establish that the township rural zoning act and ordinances enacted pursuant

[2] Ordinance No 40, "An ordinance to regulate the removal of topsoil, subsoil, sand, gravel and other material and the moving and filling of land" and its predecessor ordinance, Ordinance No 28, "Orion Township's soil excavation and filling ordinance".

to the zoning act have in any way been affected by the Solid Waste Management Act.

However, we would find that the Solid Waste Management Act does not constitute an improper amendment of any statutory scheme related to Orion Township's regulatory powers over land within its borders. An act complete within itself, even though amending another statute or act by implication, is not one of the evils sought to be prevented by Const 1963, art 4, § 25, and thus does not violate that constitutional provision. *Lucas v Wayne County Board of County Road Comm'rs,* 131 Mich App 642, 663-666; 348 NW2d 660 (1984); *Meridian Twp v East Lansing,* 101 Mich App 805, 808; 300 NW2d 703 (1980), *lv den* 411 Mich 962 (1981), and cases cited therein; see *Advisory Opinion re Constitutionality of 1972 PA 284,* 389 Mich 441; 208 NW2d 469 (1973).

Affirmed.