PEOPLE v HARVEY

Docket No. 99554. Submitted October 11, 1988, at Lansing. Decided
January 3, 1989.

In 1978, Kenneth R. Harvey absconded from the state with his
daughter who, pursuant to a divorce judgment, was in the
custody of her mother, Harvey's former spouse. Harvey and the
child remained outside of Michigan until 1986 when the child's
mother learned of her daughter's presence in Colorado. The
mother of the child obtained a custody order in a Colorado
court and brought the child back to Michigan. Harvey was
charged with violation of the 1983 Michigan parental kidnap-
ping statute and was arrested in Colorado on the Michigan
criminal warrant. Defendant was bound over to circuit court on
that charge. Defendant moved to quash the information on the
basis that the 1983 statute could not be applied to his 1978
conduct. The Clinton Circuit Court, Timothy M. Green, J.,
granted the motion to quash. The prosecutor appealed.

The Court of Appeals *held:*

1. The statute makes criminal not only the taking of a child,
but also the retaining of a child. Since defendant retained the
child after the 1983 enactment of the statute in violation of the
custody order, he by that retention committed an act prohibited
by the statute after the statute had become effective. Accord-
ingly, there was no ex post facto application of the statute.

2. Since defendant's violation of the Michigan custody order
produced an intended detrimental effect in Michigan, defen-
dant's retaining of the child in Colorado conferred upon Michi-
gan courts jurisdiction to enforce the Michigan parental kid-
napping statute.

Reversed.

1. CRIMINAL LAW — PARENTAL KIDNAPPING — ELEMENTS OF THE
OFFENSE.

The parental kidnapping statute makes not only the taking of

REFERENCES

Am Jur 2d, Divorce and Separation §§ 997, 998; Parent and Child
§ 93.
Kidnapping or related offense by taking or removing of child by or
under authority of parent or one in loco parentis. 20 ALR4th 823.

one's own child with intent to detain or conceal the child from a parent or guardian with a custody or visitation right a criminal offense but also makes the retention of a child for more than twenty-four hours with that intent criminal; accordingly, the act of retaining a child under the requisite circumstance and with the requisite intent after the effective date of the parental kidnapping statute is itself a criminal violation even if the child was originally detained or concealed prior to the effective date of the statute (MCL 750.350a; MSA 28.582[1]).

2. CRIMINAL LAW — PARENTAL KIDNAPPING — JURISDICTION.

The retention of a child in a foreign jurisdiction in violation of a lawful custody order of a Michigan court where the person who has the right to custody of the child is a Michigan resident is conduct which has a sufficient detrimental effect in Michigan to provide Michigan courts the jurisdiction necessary to proceed with charges brought under Michigan's parental kidnapping statute (MCL 750.350a; MSA 28.582[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Jon W. Newman,* Prosecuting Attorney, and *Charles D. Sherman,* Assistant Prosecuting Attorney, for the people.

Before: BEASLEY, P.J., and GILLIS and W. G. SCHMA,* JJ.

BEASLEY, P.J. The prosecutor appeals from a March 12, 1987, order quashing an information filed against defendant, Kenneth Roy Harvey, under which defendant was charged with violating a 1983 statute[1] which makes it a felony for a parent to take his or her child from the person having lawful custody of the child or to retain the child for more than twenty-four hours. The trial court's order was based upon the trial judge's opinion that the application of the statute to the facts of this case operated as an ex post facto law and, therefore, was invalid.

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 750.350a; MSA 28.582(1).

Defendant and Melinda Stauffer were married on December 17, 1975. Their daughter was born August 31, 1976. On November 10, 1977, a divorce judgment was entered which gave the mother custody of the girl. In June, 1978, defendant took the child for visitation and absconded with the child and went to Colorado and elsewhere. Melinda did not catch up with defendant until 1986, when she was able to obtain a custody order from a Colorado court returning the child to her. Due to the aggravated circumstances surrounding defendant's conduct, a criminal warrant was issued, and defendant was arrested in Colorado on the warrant.

The 1983 statute, being MCL 750.350a; MSA 28.582(1), provides in part as follows:

> (1) An adoptive or natural parent of a child shall not take that child, *or retain* that child for more than 24 hours, with the intent to detain or conceal the child from any other parent or legal guardian of the child who has custody or visitation rights pursuant to a lawful court order at the time of the taking *or retention,* or from the person or persons who have adopted the child, or from any other person having lawful charge of the child at the time of the taking *or retention.* [Emphasis added.]

In *People v Moon,*[2] we explained the prohibition against ex post facto laws as follows:

> A statute which affects the prosecution or disposition of criminal cases involving crimes committed prior to the effective date of the statute violates the Ex Post Facto Clauses if it: 1) makes punishable that which was not; 2) makes an act a more serious criminal offense; 3) increases the punishment; or 4) allows the prosecution to convict on less evidence.

The parental kidnapping statute made it a crime

---

[2] 125 Mich App 773, 776; 337 NW2d 293 (1983).

to engage in conduct which, although not innocent, was not a felony before the statute was enacted. Regardless of whether violation of the court's custody order could be considered criminal, the increased penalty imposed for violation of the order could itself violate the prohibition against ex post facto laws as applied to conduct prior to the statute's enactment. However, in the within case, the criminal act complained of, namely, the intentional *retention* of the child in violation of the court order for more than twenty-four hours, was committed after the statute was enacted. Thus, the statute has not operated as an ex post facto law. This conclusion finds full support in *People v Caruso.*[3]

Further, we conclude that defendant's Colorado-based conduct is subject to the jurisdiction of the courts of Michigan. In this case, defendant had a legal duty to return his daughter to her mother. His failure to perform this duty, which was made criminal by the enactment of MCL 750.350a; MSA 28.582(1), should be considered a crime committed within the State of Michigan. Acts done outside a state which are intended to produce, and in fact do produce, detrimental effects within the state may properly be subject to the criminal jurisdiction of the courts of that state.[4] The detrimental effects of defendant's intentional retention of the girl in violation of the Michigan court's custody order occurred here, in Michigan, since it was the authority of a Michigan court that was thwarted and it was the custodial right of a Michigan resident that was infringed upon. Thus, in accord with

[3] 152 Ill App 3d 1074; 504 NE2d 1339 (1987), aff'd 119 Ill 2d 376; 519 NE2d 440 (1987).

[4] See *Strassheim v Daily,* 221 US 280, 284-285; 31 S Ct 558; 55 L Ed 735 (1910) (denying a defendant's habeas corpus challenge to proceedings for his extradition to Michigan); see also *Deur v Newaygo Sheriff,* 420 Mich 440, 446-447; 362 NW2d 698 (1984), cert den 471 US 1136; 105 S Ct 2676; 86 L Ed 2d 694 (1985).

decisions from other jurisdictions,[5] defendant's conduct is subject to the jurisdiction of the criminal laws of Michigan.

Consequently, we reverse the finding of the trial court and remand this case for trial.

Reversed.

---

[5] *Wheat v State,* 734 P2d 1007 (Alas, 1987); *Rios v State,* 733 P2d 242 (Wy, 1987); *Roberts v State,* 619 SW2d 161 (Tex, 1981).