## PEOPLE v DAVIS

Docket No. 116262. Submitted October 4, 1989, at Marquette. Decided December 4, 1989.

Larry F. Davis was convicted, on his plea of guilty, of second-degree murder as a result of a homicide occurring on October 12, 1984. On November 21, 1988, the Van Buren Circuit Court, Meyer Warshawsky, J., sentenced defendant to life in prison, using the revised Michigan Sentencing Guidelines, Second Edition. Defendant appealed, alleging for the first time the unconstitutionality of the retroactive application of the revised guidelines.

The Court of Appeals *held:*

1. Appellate review of an issue raised for the first time on appeal is appropriate where a significant constitutional question is presented.

2. Retroactive application is clearly required by Supreme Court Administrative Order No. 1988-4.

3. The test for determining whether a criminal law or administrative order violates the constitutional prohibition against ex post facto laws involves two elements: retrospective application and disadvantage to the offender affected by it. Legislative control of remedies and modes of procedure which do not affect matters of substance is not restricted by the Ex Post Facto Clause. Retroactive application of the revised sentencing guidelines is not offensive to the ex post facto law prohibition.

4. The sentence did not shock the Court's conscience and reasons therefor were sufficiently articulated.

Affirmed.

1. Appeal — Preserving Question.

The Court of Appeals will not, as a general rule, review an issue raised for the first time on appeal, however, appellate review of an issue not raised in the trial court is appropriate where an important constitutional question is raised.

References

Am Jur 2d, Appeal and Error §§ 545 *et seq.*; Constitutional Law §§ 634 *et seq.*

See the Index to Annotations under Ex Post Facto Laws; Sentence and Punishment.

2. CONSTITUTIONAL LAW — EX POST FACTO CLAUSE — JUDICIARY.

The constitutional prohibition against ex post facto laws applies to the judiciary.

3. CONSTITUTIONAL LAW — EX POST FACTO CLAUSE.

The test for determining whether a criminal law or administrative order violates the constitutional prohibition against ex post facto laws involves two elements: retrospective application and disadvantage to the offender affected by it; legislative control of remedies and modes of procedure which do not affect matters of substance is not restricted by the Ex Post Facto Clause.

4. CONSTITUTIONAL LAW — EX POST FACTO CLAUSE — SENTENCING GUIDELINES — CRIMINAL LAW.

Retroactive application of the revised sentencing guidelines is not offensive to the ex post facto law prohibition.

*Lannen & Trusock* (by *Patrick J. Lannen*), for defendant.

Before: GILLIS, P.J., and SULLIVAN and CAVANAGH, JJ.

CAVANAGH, J. Defendant Larry Fitzpatrick Davis pled guilty to second-degree murder, MCL 750.317; MSA 28.549, arising from an incident of October 12, 1984. The trial court sentenced defendant on November 21, 1988, to life imprisonment, using the revised Michigan Sentencing Guidelines, Second Edition. The revised guidelines recommended an increased minimum sentence range for the offense. On appeal as of right, defendant challenges the constitutionality of the trial court's retroactive application of the revised guidelines.

Initially, we note that defendant failed to raise this issue in the trial court. As a general rule, this Court will not review an issue raised for the first time on appeal. *People v Calloway,* 169 Mich App 810, 818; 427 NW2d 194 (1988). However, where a significant constitutional question is presented, as in this case, appellate review is appropriate. *Id.*

At issue is Administrative Order No. 1988-4, 430 Mich ci (1988), in which the Michigan Supreme Court instituted use of the revised guidelines:

Administrative Order No. 1985-2, 420 Mich lxii, and Administrative Order No. 1984-1, 418 Mich lxxx, are rescinded as of October 1, 1988. The Sentencing Guidelines Advisory Committee is authorized to issue the second edition of the sentencing guidelines, to be effective October 1, 1988. Until further order of the Court, every judge of the circuit court and of the Recorder's Court for the City of Detroit must thereafter use the second edition of the sentencing guidelines when imposing a sentence for an offense that is included in the guidelines.

Defendant first contends that the trial court misconstrued Administrative Order No. 1988-4 by applying the revised guidelines to an offense committed before October 1, 1988. We disagree. The plain language of the order requires use of the Second Edition in every sentencing proceeding after October 1, 1988. Further, the preceding administrative orders requiring use of the guidelines were rescinded as of that date. We find the Court's order clear and unambiguous. Because the same principles of statutory construction apply in determining the Supreme Court's intent in promulgating rules of procedure, *Issa v Garlinghouse,* 133 Mich App 579, 581; 349 NW2d 527 (1984), we find no room for further interpretation.

Defendant's primary contention, however, is that retroactive application of the revised sentencing guidelines violates the prohibition against ex post facto legislation. US Const, art I, § 10; Const 1963, art 1, § 10. We note that, while the Ex Post Facto Clause of the United States Constitution does not apply directly to the judiciary, it is appli-

cable through the Fourteenth Amendment Due Process Clause. *Bouie v Columbia,* 378 US 347, 353-354; 84 S Ct 1697; 12 L Ed 2d 894 (1964). Our Supreme Court has also acknowledged the applicability of the Ex Post Facto Clause to the judiciary. *People v Stevenson,* 416 Mich 383, 395; 331 NW2d 143 (1982), citing *People v Dempster,* 396 Mich 700, 714-718; 242 NW2d 381 (1976).

An ex post facto law is defined as:

> "1st. Every law that makes an action done before the passing of the law; and which was innocent when done, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender." *Calder* [v *Bull,* 3 US (3 Dall) 386, 390; 1 L Ed 648 (1798)]. [*Stevenson, supra,* p 396.]

The ex post facto prohibition serves a dual purpose: to prohibit state legislatures from enacting arbitrary or vindictive legislation and to provide fair notice such that individuals may rely on legislative enactments until explicitly changed. See *Miller v Florida,* 482 US 423, 429-430; 107 S Ct 2446; 96 L Ed 2d 351 (1987), citing *Calder, supra; Weaver v Graham,* 450 US 24, 28-29; 101 S Ct 960; 67 L Ed 2d 17 (1981).

The test for determining whether a criminal law is an ex post facto law involves two elements: first, the law "must be retrospective, that is, it must apply to events occurring before its enactment," and second, "it must disadvantage the offender affected by it." *Weaver v Graham, supra,* p 29;

*Miller v Florida, supra,* p 430; *Stevenson, supra,* p
397. However, every retrospective law is not an ex
post facto law. *Calder, supra.* The Ex Post Facto
Clause does not restrict "legislative control of
remedies and modes of procedures which do not
affect matters of substance," *Miller v Florida,
supra,* p 433, citing *Dobbert v Florida,* 432 US 282,
293; 97 S Ct 2290; 53 L Ed 2d 344 (1977), or "rights
vested." *Calder, supra.*

In consideration of these principles, we do not
find retroactive application of the revised sentenc-
ing guidelines offensive to the ex post facto law
prohibition. First, the revised guidelines do not
"increase the punishment" for defendant's crime.
See *Calder, supra.* The guidelines remain nonbind-
ing on the trial courts. Administrative Order No.
1988-4. They serve merely as a tool to assist the
trial judge in the exercise of his sentencing discre-
tion. *People v Green,* 152 Mich App 16, 18; 391
NW2d 507 (1986). The guidelines provide a "rec-
ommendation"; they do not, and cannot, limit the
discretion afforded trial courts by the indetermi-
nate sentencing act, MCL 769.8; MSA 28.1080. The
guidelines themselves actually encourage depar-
ture so long as the court articulates reasons for
departure. *People v Ridley,* 142 Mich App 129,
133-134; 369 NW2d 274 (1985). Even factors al-
ready considered in the guidelines may support a
departure. *Id.* Finally, appellate review is of right
even where a sentence falls within the recom-
mended guideline range. *People v Broden,* 428
Mich 343, 354, n 18; 408 NW2d 789 (1987).

In *Miller v Florida, supra,* a unanimous United
States Supreme Court held that retroactive appli-
cation of Florida's statutory guidelines violated the
Ex Post Facto Clause. There, however, the Florida
statute created a "presumptive sentence" which
the statute "assumed to be appropriate for the

composite score of the offender." *Miller, supra,* p 426. The Florida statute provided that "[d]epartures from the presumptive sentence should be avoided," absent "clear and convincing reasons." A sentence outside the guidelines required a written statement delineating clear and convincing reasons, excluding factors already considered in the guidelines. Only sentences falling outside the guidelines were subject to appellate review. *Id.* Thus, *Miller* is easily distinguishable from this case. We find that, here, the revised guidelines simply provide "flexible 'guideposts' for use in the exercise of discretion." See *Miller, supra,* p 435.

Second, we do not find that the revised sentencing guidelines have altered "substantial personal rights" of defendant. It is well settled that, because the guidelines were intended to assist trial courts in assessing an appropriate sentence, they do not convey substantive rights. *People v Hearn,* 159 Mich App 275, 286; 406 NW2d 211 (1987). While we recognize the distinction between substance and procedure is sometimes elusive, see *Miller, supra,* p 433, in this case defendant can claim no right to a sentence within the old guidelines.

Further, defendant makes no claim of "vindictive" legislation. In *Miller, supra,* pp 433-434, the Supreme Court noted Florida's intent to increase "the quantum of punishment" for sexual offenders. The Sentencing Guidelines Advisory Committee's intent, however, in formulating the Second Edition was to make sentencing in Michigan neither more harsh nor more lenient; it was, rather, to further reduce sentencing disparity so as to reflect the current practice of the majority of circuit and recorder's court judges. See McComb, *An Overview of the Second Edition of the Michigan Sentencing Guidelines,* 67 MSB J 863 (1988).

Accordingly, we conclude that defendant was properly sentenced. We find no violation of the federal or state ex post facto prohibition.

Defendant also claims his life sentence for second-degree murder should shock our conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). Given the circumstances of this case, we do not find defendant's sentence to have been excessive. We also reject defendant's contention that the court failed to articulate sufficient reasons for the sentence. The trial court's failure to comment on each of the four sentencing factors listed in *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972), does not destroy the propriety of the court's rationale. See *People v Girardin,* 165 Mich App 264, 267; 418 NW2d 453 (1987). Defendant cites no authority that "substantial and compelling" reasons were required.

Affirmed.