## PEOPLE v CHESEBRO

Docket No. 118035. Submitted April 11, 1990, at Grand Rapids. Decided September 11, 1990. Leave to appeal applied for.

Michael Chesebro allegedly sexually abused an eleven-year-old girl on or about May 1, 1982. At that time the applicable statute of limitations limited prosecution for first-degree criminal sexual conduct to a period of six years from the date of the offense. On March 30, 1988, the statute of limitations was amended to provide that, if the alleged victim was under eighteen years of age at the time of the commission of the offense, the perpetrator could be indicted within six years of the date of the offense or until the victim's twenty-first birthday, whichever occurred later. The warrant charging Chesebro with first-degree criminal sexual conduct was issued on August 29, 1988. The Allegan Circuit Court, George R. Corsiglia, J., ruled that the amendment to the statute of limitations was not to be retrospectively applied and dismissed the charge against defendant. The people appealed.

The Court of Appeals *held:*

1. Statutes limiting the time for the prosecution of offenses may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation. So, too, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period although the original period of limitation had then expired.

2. Although the general rule is that statutes are presumed to operate only prospectively unless the contrary intent is shown by the Legislature, an exception exists where the statute is remedial or procedural in nature and does not create new rights nor destroy, enlarge, or diminish existing rights. The conditions of the exception are satisfied under the facts of this

REFERENCES

Am Jur 2d, Constitutional Law §§ 640, 646; Criminal Law § 224.

See the Index to Annotations under Ex Post Facto Laws; Limitation of Actions.

case. The amendment can be applied retroactively in this case, thereby allowing the people to proceed with the charge against defendant.

3. Applying the amendment to the facts of this case does not violate the prohibition against ex post facto legislation because the amendment does not affect a matter of substance or a vested right nor fall within the definition of an ex post facto law.

Reversed and remanded.

1. LIMITATION OF ACTIONS — STATUTES OF LIMITATION — AMENDMENT OF STATUTES — RETROACTIVITY.

Statutes limiting the time for the prosecution of offenses may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation; so, too, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period although the original period of limitation has expired.

2. STATUTES — STATUTES OF A REMEDIAL OR PROCEDURAL NATURE — PROSPECTIVE APPLICATION.

An exception to the general rule that statutes are presumed to operate only prospectively unless the contrary intent is shown by the Legislature exists when a statute is remedial or procedural in nature; statutes which operate in furtherance of a mode of procedure and which do not create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retroactively unless a contrary legislative intent is shown.

3. LIMITATION OF ACTIONS — CRIMINAL LAW.

A defendant does not have a right, of which he can be deprived without injustice, to be charged within a statutory period of limitation prior to the expiration of that period.

4. LIMITATION OF ACTIONS — CRIMINAL LAW — AMENDMENT OF STATUTES — RETROACTIVITY.

An amendment to the six-year statute of limitations applicable to first-degree criminal sexual conduct which added a provision that, if the alleged victim was under eighteen years of age at the time of the commission of the offense, the perpetrator could be charged within six years of the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later, may properly be applied in a case where the defendant was

charged with sexually abusing an eleven-year-old child, the six-year period of limitation under the original statute had not expired by the effective date of the amendment, and under the amendment the period during which the defendant could be charged with the offense would be extended by approximately four years because of the victim's age; the amendment is entitled to retroactive application because it concerns a mode of procedure, not a rule of substantive law, and the defendant had not acquired a right to the statute of limitations defense when the amendment became effective (MCL 767.24; MSA 28.964).

5. CONSTITUTIONAL LAW — EX POST FACTO CLAUSE.

An amendment to a statute which does not affect a matter of substance or a vested right or which neither aggravates a crime committed nor inflicts a greater punishment than that which was attached to the crime when it was allegedly committed does not violate the prohibition against ex post facto legislation (US Const, art I, § 10; Const 1963, art 1, § 10).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Andrew J. Marks,* Prosecuting Attorney, and *Michael L. Buck,* Assistant Prosecuting Attorney, for the people.

*Charles L. Clapp,* for defendant.

Before: REILLY, P.J., and MACKENZIE and SULLIVAN, JJ

SULLIVAN, J. The people appeal as of right the Allegan Circuit Court order dismissing the charge of first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), against defendant. The court dismissed the charge because, it concluded, the statute of limitations which was in effect at the time the alleged offense occurred controlled and such time period had expired at the time the warrant was issued in this case. We disagree. Under the amended statute, which we believe controls this case, the case against defendant is not time-barred.

Defendant allegedly sexually abused an eleven-

year-old girl on or about May 1, 1982. The warrant setting forth the charge was issued on August 29, 1988. Under the statute of limitations in effect at the time the alleged offense occurred, the charge against defendant would have been time-barred as of May 1, 1988, six years after the alleged commission of the offense.[1] However, effective March 30, 1988, about one month before the six-year period expired, an amendment to the statute added the following language in pertinent part:

> Notwithstanding subsection (1) [which provides for a six-year limitations period in criminal sexual conduct cases], if an alleged victim was under 18 years of age at the time of the commission of the offense, an indictment for an offense under section 145c or 520b to 520g of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.145c and 750.520b to 750.520g of the Michigan Compiled Laws, may be found and filed within 6 years after the commission of the offense or by the alleged victim's twenty-first birthday, whichever is later. [MCL 767.24(2); MSA 28.964(2).]

Therefore, under the amended statute, the charge against defendant would not be time-barred until the date of the victim's twenty-first birthday, i.e., April 5, 1992.

We begin by setting forth the pertinent part of the trial court's opinion:

---

[1] That statute provided in full:

An indictment for the crime of murder may be found at any period after the death of the person alleged to have been murdered; indictments for the crimes of kidnapping, extortion, assault with intent to commit murder and conspiracy to commit murder shall be found and filed within 10 years after the commission of the offense; all other indictments shall be found and filed within 6 years after the commission of the offense; but any period during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time within which the respective indictments shall be found and filed. [MCL 767.24; MSA 28.964.]

It is the general rule that unless a statute of limitation is clearly retrospective in its terms it does not apply to a crime previously committed. 22 C.J.S. Criminal Law, section 224, p. 576 [sic., 22 CJS, Criminal Law, § 197, p 242?]. This Court is unaware of any Michigan authorities to the contrary.

The trial court, therefore, refused to apply the amendatory language to this case.

Our problem with the trial court's ruling is twofold. First, the trial court relied on the general rule stated in CJS without acknowledging the exceptions set forth, one of which applies in this case. The pertinent text in its entirety reads:

Unless statutes of limitation are clearly retrospective in their terms they do not apply to crimes previously committed.

Statutes limiting the time for the prosecution of offenses may be changed or repealed altogether in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitation, but where a complete defense has arisen under such a statute, it cannot be taken away by a subsequent repeal thereof.

So, too, where a statute extends a period of limitation, or provides for the tolling thereof, it applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period although the original period of limitation had then expired; and such a statute is not invalid. A limitation act, however, cannot operate to revive offenses which were barred at the time of its enactment.

Also, under some authority, in the absence of express legislative intent to the contrary, a new statute of limitations does not apply to acts committed prior to the passage of the act even when the original statutory period had not yet expired

when the new period went into effect. [22 CJS, Criminal Law, § 197, pp 242-243.]

Second, we do not agree with the trial court that we apply a statute of limitations retroactively only if it clearly is retrospective in its terms. It is in fact true that statutes of limitation generally are construed to operate only prospectively unless their terms clearly indicate a contrary intent. *Johnson v Children's Hospital of Michigan,* 105 Mich App 539, 544; 307 NW2d 371 (1981), rev'd and remanded on other grounds 413 Mich 913 (1982); *Farris v Beecher,* 85 Mich App 208, 214; 270 NW2d 658 (1978); *International Business Machines Corp v Dep't of Treasury,* 75 Mich App 604, 613-614; 255 NW2d 702 (1977), lv den 401 Mich 816 (1977). In civil cases, another way of stating this has been that the statute of limitations in effect at the time a plaintiff's cause of action arises governs. See, e.g., *Zatolokin v Grimm,* 99 Mich App 257, 262; 297 NW2d 900 (1980), lv den 410 Mich 916 (1981). We hasten to add, though, that in many cases in which that rule has been applied, retroactive application of an amendment to a statute or a new statute would shorten the period of limitations in which a plaintiff could bring his claim and would bar that claim. See, e.g., *Farris, supra, Zatolokin, supra, Boyer v Vandenbrink,* 98 Mich App 772; 293 NW2d 687 (1980), lv den 410 Mich 888 (1981), and *Weiss v Bigman,* 84 Mich App 487; 270 NW2d 5 (1978), lv den 405 Mich 820 (1979). Also see *In re Certified Questions (Karl v Bryant Air Conditioning Co),* 416 Mich 558, 573; 331 NW2d 456 (1982) ("The general rule against retrospective application has been applied in cases where a new statute abolishes an existing cause of action.")

Moreover, defendant cites two criminal cases in

which that rule was applied to newly enacted penal statutes: *In re Wright,* 360 Mich 455; 104 NW2d 509 (1960), cert den sub nom *Wright v Buchkoe,* 364 US 905; 81 S Ct 237; 5 L Ed 2d 196 (1960), and *In re Lambrecht,* 137 Mich 450; 100 NW 606 (1904). In those cases, however, retroactive application of the new penal statutes, if permitted, would have implicated the prohibition against ex post facto legislation. US Const, art I, § 10; Const 1963, art 1, § 10.

An exception to the general rule that statutes are presumed to operate only prospectively unless the contrary intent is shown by the Legislature exists when a statute is remedial or procedural in nature. *People v Bates,* 175 Mich App 490, 492; 438 NW2d 298 (1989). "Statutes which operate in furtherance of a mode of procedure and which do not create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retroactively unless a contrary legislative intent is shown." *Id.,* pp 492-493. Also see *Karl, supra,* pp 571, 575, and *Tarnow v Railway Express Agency,* 331 Mich 558, 565-566; 50 NW2d 318 (1951). Our Supreme Court has applied a statute of limitations retroactively where it related to a procedural matter "in a pending case in which no rights have accrued under the prior statute." *In re DeBancourt's Estate,* 279 Mich 518, 529; 272 NW 891 (1937). We see no reason not to apply this exception when a statute of limitations is involved in a criminal case if the conditions of the exception are satisfied.

We conclude that the conditions of the exception are satisfied under the facts of this case. Because the preamended version of the statute of limitations had not yet expired at the time the amended version extending the period of limitations became effective, defendant had not acquired a right to the

statute of limitations defense. Had the charge against defendant already been barred under the existing statute at the time the amendment became effective, we would indeed have a different situation before us. Furthermore, an act of limitation is an act of grace in a criminal case and is merely a measure of public policy. See *In re Konke Estate,* 98 Mich App 249, 252-253; 296 NW2d 226 (1980), quoting *Chase Securities Corp v Donaldson,* 325 US 304, 314; 65 S Ct 1137; 89 L Ed 1628 (1945), and *People ex rel Reibman v Warden of County Jail at Salem, New York,* 242 App Div 282, 284-285; 275 NYS 59 (1934). Therefore, we conclude that a defendant does not have a right, of which he can be deprived without injustice, to be charged within a statutory period of limitations prior to the expiration of that period. *Wylie v Grand Rapids City Comm,* 293 Mich 571, 587; 292 NW 668 (1940). Finally, we conclude that, under the circumstances of this case, the amendment concerns a mode of procedure, not a rule of substantive law. See, e.g., *Buscaino v Rhodes,* 385 Mich 474, 480; 189 NW2d 202 (1971), and *Herrick v Taylor,* 113 Mich App 370, 374; 317 NW2d 631 (1982), lv den 417 Mich 1048 (1983).[2]

We analogize this case to *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480; 124 NW2d 286 (1963), a case in which our Supreme Court ruled that the plaintiff could take advantage of a statutory amendment which extended the period for serving notice of intent to claim a lien from sixty days to ninety days from the date of first furnishing labor and material. The plaintiff, who had begun work under the prior statute, had failed

---

[2] Also see *United States ex rel Massarella v Elrod,* 682 F2d 688, 689 (CA 7, 1982), cert den 460 US 1037; 103 S Ct 1426; 75 L Ed 2d 787 (1983), a case with a virtually identical situation in which the court held that the extension of the statute of limitations was "merely procedural."

to file within the old act's sixty-day limit, but did so within the new ninety-day limit. The new act became effective within sixty days of when the plaintiff first furnished labor and material. Our Supreme Court viewed the new act as a procedural amendment which was applicable to the plaintiff's claim. The new act did not affect vested or substantive rights. *Id.,* pp 484-485; *Karl, supra,* p 576.

The same situation exists in this case. Before the six-year period of limitation under the original statute of limitations expired, the statute was amended to extend the period of limitation in cases such as the one at bar. Defendant did not acquire a vested right in a statute of limitations defense until the period in fact expired. Nor can the amendment be seen as one affecting substantive law. Therefore, the amendment can be applied retroactively in this case, thereby allowing the people to proceed with the charge against defendant.

We also note that applying the amendment to the facts of this case does not violate the prohibition against ex post facto legislation, US Const, art I, § 10; Const 1963, art 1, § 10, because the amendment does not affect a matter of substance or a vested right. *People v Davis,* 181 Mich App 354, 357-358; 448 NW2d 842 (1989). Nor does it fall within the definition of an ex post facto law. *Id.*[3] It neither aggravated the crime committed nor in-

[3] Other jurisdictions also have held that similar laws extending the statute of limitations in criminal cases do not violate the prohibition against ex post facto legislation if the statute is extended prior to the expiration of the original limitations period. See, e.g., *Massarella, supra,* p 689; *Clements v United States,* 266 F2d 397, 399 (CA 9, 1959), cert den 359 US 985; 79 S Ct 943; 3 L Ed 2d 934 (1959); *Falter v United States,* 23 F2d 420, 425-426 (CA 2, 1928); *State v Nunn,* 244 Kan 207, 217-220; 768 P2d 268 (1989); *State v Creekpaum,* 753 P2d 1139 (Alas, 1988), *Commonwealth v Bargeron,* 402 Mass 589; 524 NE2d 829, 830 (1988).

flicted a greater punishment than that which was attached to the crime when it was allegedly committed. Cf. *People v Stevenson,* 416 Mich 383, 396-397; 331 NW2d 143 (1982).

Accordingly, we reverse the order granting defendant's motion to dismiss and remand the matter for further proceedings. We do not retain jurisdiction.