PEOPLE v PETERS (AFTER REMAND)

Docket No. 149161. Submitted October 19, 1993, at Lansing. Decided
May 16, 1994, at 9:40 A.M. Leave to appeal sought.

Louis Peters pleaded nolo contendere in the Recorder's Court for
the City of Detroit, Michael J. Talbot, J., to one count of
conspiracy to burn insured property, four counts of burning a
dwelling house, two counts of burning other real property, and
four counts of burning insured property. The court imposed a
sentence of three years' probation and a fine, and ordered that
restitution be paid. Before dying of cancer, the defendant
appealed, challenging the plea and the restitution order. After
the defendant's death, the Court of Appeals, BRENNAN, P.J.,
and GILLIS and GRIBBS, JJ., remanded the matter to the trial
court for entry of an order abating the cause ab initio because
the defendant had died while his appeal was pending (Docket
No. 136343). The prosecution's motion for rehearing was de-
nied, and the Supreme Court denied the prosecution's applica-
tion for leave to appeal. 439 Mich 893 (1991). On remand, the
trial court, Richard L. Cunningham, J., vacated the penal
sanctions of the sentence but held that the order of restitution
survived the abatement ab initio of the criminal cause. The
defense appealed.

After remand, the Court of Appeals *held:*

1. The law of the case doctrine does not apply to the restitu-
tion question in this case. The doctrine applies only to ques-
tions specifically determined in an appellate court's prior deci-
sion regarding a particular issue and to questions necessarily
determined to arrive at the prior decision.

2. The imposition of restitution constitutes a penalty. It is
part of the court's sentence and is dependent upon the exis-
tence of a conviction.

3. A restitution order is dismissed when it is based on a
criminal conviction that is abated ab initio.

Reversed.

REFERENCES

Am Jur 2d, Appeal and Error §§ 744, 746; Criminal Law § 623.

Abatement of state criminal case by accused's death pending appeal
of conviction—modern cases. 80 ALR4th 189.

1. APPEAL — LAW OF THE CASE.

   Under the law of the case doctrine, an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case; the doctrine applies only to those questions specifically determined in the prior decision and to questions necessarily determined to arrive at the prior decision.

2. CRIMINAL LAW — RESTITUTION — DEATH OF DEFENDANT — ABATEMENT AB INITIO OF CONVICTION AND RESTITUTION ORDERS.

   An order of restitution based on a criminal conviction is dismissed where the conviction is abated ab initio because of the defendant's death during the pendency of an appeal from the conviction and order of restitution.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Janet A. Napp,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Jacobs,* for the defendant on appeal.

AFTER REMAND

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and MURPHY, JJ.

MURPHY, J. Defendant appealed as of right from the trial court's judgment concluding that the restitution part of defendant's sentence survives the abatement ab initio of the criminal cause against defendant. We reverse.

The parties do not dispute the basic facts of this case. On September 20, 1990, defendant pleaded no contest to one count of conspiracy to burn insured property, MCL 750.157a; MSA 28.354(1) and MCL 750.75; MSA 28.270, four counts of burning a dwelling house, MCL 750.72; MSA 28.267, two

counts of burning other real property, MCL 750.73;
MSA 28.268, and four counts of burning insured
property, MCL 750.75; MSA 28.270. At the time of
the plea, defendant was suffering from terminal
lung cancer. The trial court accepted the plea.

At the sentencing hearing, the parties disagreed
about the possibility of incarceration and the
amount of restitution to be paid to the victim,
which was the Michigan Basic Property Insurance
Association. The prosecutor asked for restitution
in the amount of $179,106. This amount was based
on the charges to which defendant pleaded no
contest. The victim, however, calculated that over
the last ten years it had paid $800,000 for claims
that had involved defendant as the insured, includ-
ing at least twenty-five claims that the victim had
suspected were caused by arson. Defendant argued
that he should not be required to pay for alleged
offenses that occurred in the past.[1] After meeting

[1] In order to facilitate an agreement among the parties regarding
the amount of restitution, the trial court stated in relevant part:

I'm not telling you that I've already drawn a bottom line in
terms of sentence, but we know as an absolute fact that Mr.
Peters has cancer. He's 67 years old, and he has lung cancer,
and, quite frankly, the doctor says that not only would his
sentence to prison be detrimental but that, unfortunately, only
ten to 15 percent of the patients remain alive for three years.
. . .
[E]ven with that knowledge, do not think for a second that
I'm not absolutely ripped up over the thought that someone
who would be the instigator and the cause of this kind of
conduct shouldn't, even with the lung cancer, go to prison.
Don't think for a moment that it isn't still in my mind, and I
am really torn up about what to do here.
That said, if there was sufficient . . . pain, real pain, and
part of that, I think, would be, in this case, financial pain,
that's part of a—of a consideration, and what I would ask you
gentlemen to do . . . is the three of you go chat for a few
minutes . . . and identify assets to me that I can tie up,
literally, so that I don't have to worry, and I mean like bank
accounts. I mean real assets.
I don't want garbage, and as long as I'm satisfied that I know
where those are and I can tie them up, I'm willing to talk, but I

off the record, the parties agreed on a recommendation that defendant should pay $400,000 in restitution.

Subsequently, the trial court imposed a sentence of three years' probation. In addition, the trial court stated that it was going to fashion a sentence that was "financially uncomfortable" by imposing a fine of $10,000 and a restitution order of $400,000 to be paid in $100,000 installments. Defendant failed to make the first $100,000 payment when it was due and, shortly thereafter, he died.

Before his death, defendant timely had filed an appeal that challenged the plea and the restitution order. After defendant's death, a motion was brought to remand to the trial court for entry of an order abating the cause ab initio because defendant had died while his appeal was pending. This Court granted the defense motion to remand for a dismissal of the cause, pursuant to *People v Elauim,* 393 Mich 601; 227 NW2d 553 (1975). Order of the Court of Appeals, July 16, 1991 (Docket No. 136343). The prosecutor moved for a rehearing and this Court denied the motion in an order dated September 6, 1991. The Michigan Supreme Court also denied the prosecutor's application for leave to appeal. 439 Mich 893 (1991).

On remand, the trial court vacated the penal sanctions, but held that the order of restitution survived the abatement ab initio of the criminal cause. According to the trial court, the order of restitution survives the abatement ab initio because a victim has a right to restitution under the Michigan Constitution. Further, the trial court adopted the rationale of *United States v Dudley,* 739 F2d 175 (CA 4, 1984), that allows an order of restitution to survive abatement of the proceedings

want pain, financial pain out of this. At least, maybe that will balance this equation out a little bit.

on the ground that restitution is designed to compensate the victim and is not a purely penal sanction such as a conviction or fine.

Before considering the correctness of the trial court's decision, we must first address defendant's argument that the law of the case doctrine prevented the trial court from determining that the restitution order survives abatement. Under the law of the case doctrine, an appellate court's decision regarding a particular issue is binding on courts of equal or subordinate jurisdiction during subsequent proceedings in the same case. *People v Herrera (On Remand)*, 204 Mich App 333; 514 NW2d 543 (1994). The doctrine applies only to those questions specifically determined in the prior decision and to questions necessarily determined to arrive at the prior decision. *Poirier v Grand Blanc Twp (After Remand)*, 192 Mich App 539, 546; 481 NW2d 762 (1992); also see *People v Douglas (On Remand)*, 191 Mich App 660, 662; 478 NW2d 737 (1991).

In this case, the prosecution raised the question regarding survival of the restitution order in its motion for a rehearing and application for leave to appeal. However, the question was not specifically determined by this Court or the Supreme Court, nor was determination of the question necessary to deny the prosecution's motions. Therefore, the law of the case doctrine does not apply to the restitution question.

The issue whether a restitution order survives an abatement ab initio of criminal proceedings is an issue of first impression in this state. In order to determine this issue, we have looked to other jurisdictions for guidance.

Michigan has followed the general rule that a prosecution of a criminal case abates ab initio when a defendant dies pending resolution of the

defendant's appeal. *People v Elauim, supra;* anno: *Abatement of state criminal case by accused's death pending appeal of conviction—modern cases,* 80 ALR4th 189, 191-193. The rationale behind this rule derives from the principle that

> "when an appeal has been taken from a criminal conviction to the court of appeals and death has deprived the accused of his right to [an appellate] decision, the interests of justice ordinarily require that he not stand convicted without resolution of the merits of his appeal, which is an 'integral part of [our] system for finally adjudicating [his] guilt or innocence.' *Griffin v Illinois,* 351 US 12, 18; 76 S Ct 585, 590; 100 L Ed 891 (1956)." [*United States v Asset,* 990 F2d 208, 210-211 (CA 5, 1993), quoting *United States v Moehlenkamp,* 557 F2d 126, 128 (CA 7, 1977) (alteration in the original).

The Michigan Constitution provides that an accused in every criminal prosecution has a right to an appeal. Const 1963, art 1, § 20. In this case, defendant's death occurred during the pendency of his appeal as of right challenging the plea and the restitution order.[2]

An abatement ab initio of a criminal prosecution means a dismissal of all proceedings in the prosecution from its inception. E.g., *United States v Oberlin,* 718 F2d 894, 895 (CA 9, 1983). In such a case, there is an abatement of the appeal, the conviction, and the sentence. *Id.* Moreover, if the sentence included a fine, the abatement ab initio prevents recovery against the estate. *Id.*

However, certain courts have concluded that a restitution order does not abate by reason of a

[2] Defendant argued on appeal that his plea should be set aside because it was involuntary or, in the alternative, that he was entitled to a restitution order in the amount of $150,000 to $200,000, which was part of the promise that induced his plea.

defendant's death pending appeal.[3] In *United States v Dudley, supra,* the court held that an order of restitution requiring payment of $4,807.50 to the United States Department of Agriculture did not abate where the defendant died during the pendency of his appeal from a conviction of unlawful use of food stamp coupons. The court reasoned that a restitution order under 18 USC 3579 is unlike a fine or sentence because a restitution order has a predominantly compensatory purpose, even if it is penal in some respects.[4] *Dudley,* 177. On the basis of this distinction, the court concluded that the restitution order survives abatement ab initio of the conviction. *Id.,* 177-178.

In Michigan, a crime victim's right to restitution is declared in the state constitution. Const 1963, art 1, § 24. The Legislature provided for the enforcement of this section in the Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.* Under the act, a sentencing court's authority to order restitution is set forth in MCL 780.766(2); MSA 28.1287(766)(2), which states:

> The court, when sentencing a defendant convicted of a crime, may order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make restitution to any victim of

---

[3] The Supreme Court of Utah has held that a restitution order does not abate by reason of the defendant's death pending appeal. *Utah v Christensen,* 866 P2d 533, 536-537 (Utah, 1993). However, the *Christensen* court reached this conclusion by first rejecting the principle of abatement ab initio and determining that a conviction does not abate. Instead, the court indicated that only an appeal abates. *Id.,* 535-536. On this ground, Michigan law differs from Utah law because the Michigan Supreme Court has adopted the principle of abatement ab initio. *Elauim, supra.*

[4] 18 USC 3579, redesignated as 18 USC 3663, provided that "[t]he court, when sentencing a defendant convicted of an offense under this title . . . may order, in addition to or in lieu of any other penalty . . . that the defendant make restitution to any victim . . . ." *Dudley, supra,* 177, n 3.

the defendant's course of conduct which gives rise to the conviction, or to the victim's estate.

This Court has recognized that the purpose of restitution is to compensate the injured party. *People v Schluter,* 204 Mich App 60; 514 NW2d 489 (1994). In addition, a restitution order authorized under the statute has punitive aspects. See *Asset, supra,* 213. Indeed, the language of MCL 780.766(2); MSA 28.1287(766)(2), which states that a court may order restitution "in addition to or in lieu of any other penalty," indicates that the imposition of restitution constitutes a penalty. Moreover, the trial court's comments in this case suggested there was a punitive purpose behind the restitution order, which was designed to inflict "financial pain" on defendant.

In contrast to the holding in *Dudley,* we hold that a restitution order is dismissed when it is based on a criminal conviction that is abated ab initio.[5] We arrive at this conclusion by considering the rationale behind the principle of abatement, which provides that a defendant should not stand convicted when death deprives the defendant of the right to an appellate decision. *Asset, supra,* 210. This rationale is based on the premise that the resolution of an appeal can reverse a conviction. It is obvious that an appellate decision can also reverse those orders arising from a conviction such as a restitution order. Furthermore, the importance of an appellate decision is apparent in the Michigan Constitution, which declares that criminal defendants have a right to appeal. Const 1963, art 1, § 20. With this in mind, we believe

---

[5] We are not called upon to decide, nor do we, the issue whether a victim is required to return any partial or full restitution payments made by a defendant who dies before receiving an appellate resolution of the criminal cause underlying the restitution order. See *Asset, supra.*

that the principle of abatement extends to a restitution order where a defendant's death prevents an appeal of the defendant's conviction.

We also note that, unlike the defendant in *Dudley,* defendant in this case challenged the restitution order on appeal. Nonetheless, defendant's permanent absence prevents prosecution of his appeal of the restitution order. *Dudley, supra,* 176, n 1. In order to abide by defendant's right to appeal, we dismiss the restitution order because appellate review is not possible. Although the victim has a right to restitution, this right does not entitle the victim to restitution imposed by an order that is not subject to appellate review.

In addition, we disagree with the analysis in *Dudley* that a restitution order survives abatement ab initio of the underlying conviction on the ground that the primary purpose of restitution is to compensate the victim. Restitution under MCL 780.766(2); MSA 28.1287(766)(2) is part of the court's sentence, see *Schluter, supra,* and is dependent upon the existence of a conviction. If the conviction is void, then the restitution order also becomes void because a victim's right to restitution remains dependent on a conviction. Thus, we are not convinced that a restitution order's compensatory purpose determines whether the order survives abatement ab initio of the underlying conviction.

We recognize that our ruling may allow a defendant's estate to receive a benefit that may more appropriately belong to a victim. However, a victim may avoid this unfortunate consequence by bringing a separate civil action against the estate of the defendant, based on the defendant's wrongful conduct.

In light of our disposition that the restitution

order does not survive the abatement ab initio, we need not address defendant's other claims on appeal that challenge the restitution order on other grounds.

Reversed.