PEOPLE v SLOCUM

Docket Nos. 164010, 164538. Submitted July 13, 1995, at Grand Rapids. Decided September 5, 1995, at 9:00 A.M.

Keith A. Slocum was convicted by a jury in the Isabella Circuit Court, Paul H. Chamberlain, J., of carrying a concealed weapon and of being a second-offense habitual offender. The defendant was sentenced to 3½ to 7½ years of imprisonment. In a separate proceeding before the same judge, the defendant pleaded guilty of absconding on or forfeiting bond and of being a second-offense habitual offender. The defendant was sentenced to 2½ to 6 years of imprisonment, to be served concurrently with the prior sentence. The defendant appealed from each proceeding, and the Court of Appeals consolidated the appeals.

The Court of Appeals *held:*

1. By not objecting at trial, the defendant has failed to preserve for appeal claims of misconduct by the prosecutor. No miscarriage of justice will result from refusal by the Court of Appeals to review the claims. Any possible prejudice from the alleged misconduct could have been cured by timely objection and cautionary instructions.

2. The sentences imposed are proportionate to the offenses. Because both parties agree that the defendant is entitled to a hearing pursuant to *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972), the case must be remanded for such a hearing.

3. On remand, the trial court must allow the defendant to make a testimonial record to determine if he was denied effective assistance of counsel.

4. The trial court erred in imposing costs on the defendant for the conviction of carrying a concealed weapon in the absence of statutory authority for such costs. The order of costs must be vacated.

5. The trial court erred in ordering the defendant to pay the costs of his extradition in the proceeding for absconding on or

REFERENCES

Am Jur 2d, Constitutional Law §§ 634, 635, 639, 641-643, 646, 651.
See ALR Index under Ex Post Facto Laws.

forfeiting bond. MCL 780.766; MSA 28.1287(766), as recently amended to allow recovery of extradition costs as part of restitution, may not be applied to the defendant because it results in an increase in punishment, which is prohibited by the Ex Post Facto Clause of the Michigan Constitution, Const 1963, art 1, § 10. The order of extradition costs must be vacated.

Affirmed subject to proceedings on remand; orders imposing costs vacated.

1. CRIMINAL LAW — EX POST FACTO LAWS — CONSTITUTIONAL LAW.

The test for determining whether a criminal law violates the Michigan Constitution's prohibition against ex post facto laws involves two elements: retrospective application and disadvantage to the offender affected by it; legislative control of remedies and modes of procedure that do not affect matters of substance is not restricted by the Ex Post Facto Clause of the Michigan Constitution (Const 1963, art 1, § 10).

2. CRIMINAL LAW — EX POST FACTO LAWS — CONSTITUTIONAL LAW.

Retroactive application of a criminal statute disadvantages an offender so as to violate the Michigan Constitution's prohibition against ex post facto laws where the statute makes punishable that which was not, makes an act a more serious offense, increases a punishment, or allows the prosecution to convict on less evidence (Const 1963, art 1, § 10).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Larry J. Burdick,* Prosecuting Attorney, and *Jonathan C. Pierce* and *Catherine Langevin Semel,* Assistant Attorneys General, for the people.

State Appellate Defender (by *Ronald E. Steinberg*), for the defendant on appeal.

Before: DOCTOROFF, C. J., and NEFF and CONNOR, JJ.

PER CURIAM. In Docket No. 164010, defendant was convicted by a jury of carrying a concealed weapon, MCL 750.227; MSA 28.424, and of being

an habitual offender, second offense, MCL 769.10; MSA 28.1082. Defendant was sentenced to 3½ to 7½ years' imprisonment. In Docket No. 164538, defendant pleaded guilty of absconding on or forfeiting bond, MCL 750.199a; MSA 28.396(1), and of being an habitual offender, second offense, MCL 769.10; MSA 28.1082, and was sentenced to 2½ to 6 years' imprisonment, to run concurrently with the sentence in Docket No. 164010. Defendant appeals as of right, and we affirm in part, vacate an order of costs against the defendant, and remand.

I

We first consider defendant's contention that he was denied a fair trial by various instances of misconduct by the prosecutor. We disagree.

Defendant has failed to preserve these issues by not objecting to the alleged misconduct below. *People v Gonzalez,* 178 Mich App 526; 534-535; 444 NW2d 228 (1989). Thus, appellate review is precluded absent a miscarriage of justice. *Id.*

After a careful review of the record, we conclude that no miscarriage of justice will result from our refusal to review this case. Any possible prejudice from the alleged misconduct could have been cured by a timely objection and cautionary instruction. *Id.* at 535.

II

Next, we have reviewed defendant's sentences and find them to be proportionate to his crimes. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

However, because both parties agree that defen-

dant is entitled to a *Tucker*[1] hearing, we remand this case to allow such a hearing to take place.

### III

Also, on remand, we direct the trial court to allow defendant to make a testimonial record to determine if he was denied effective assistance of counsel. See *People v Ginther,* 390 Mich App 436; 212 NW2d 922 (1973). Defendant's proofs on remand are limited to the issue raised in his appellate brief in Docket No. 164010.

### IV

Finally, defendant argues that the trial court improperly ordered him to pay $250 in costs in Docket No. 164010 and for the cost of extradition from Florida in Docket No. 164538. We agree.

A trial court may require a convicted felon to pay costs only where such requirement is expressly authorized by statute. *People v Jones,* 182 Mich App 125, 126; 451 NW2d 525 (1989).

### A

In Docket No. 164010, the trial court cited no authority, and we know of none, that would allow the imposition of $250 in costs for carrying a concealed weapon. Accordingly the order imposing that fine is vacated.

### B

With regard to defendant's extradition costs, MCL 780.23; MSA 28.1285(23) provides that the county in which the crime is alleged to have been

---

[1] *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

committed is required to pay for the extradition costs. The prosecutor, however, argues that the recently amended restitution statute provides the court with the authority to order defendant to pay for those costs. MCL 780.766; MSA 28.1287(766). Thus, the prosecutor argues for a remand to determine whether the trial court will require restitution under the new statute.

The prosecutor acknowledges, however, that MCL 780.766; MSA 28.1287(766) was amended to include governmental agencies after defendant's conviction, but argues that the statute only governs procedural matters and thus may be applied retroactively. We disagree.

The test for determining whether a criminal law violates the Ex Post Facto Clause of our Constitution, Const 1963, art 1, § 10, involves two elements: (1) whether the law is retrospective, i.e. whether it applies to events that occurred before its enactment, and (2) whether it disadvantages the offender, *People v Davis,* 181 Mich App 354, 357; 448 NW2d 842 (1989). A statute disadvantages an offender if (1) it makes punishable that which was not, (2) it makes an act a more serious offense, (3) it increases a punishment, or (4) it allows the prosecutor to convict on less evidence. *People v Harvey,* 174 Mich App 58, 60; 435 NW2d 456 (1989), quoting *People v Moon,* 125 Mich App 773, 776; 337 NW2d 293 (1983). Further, the Ex Post Facto Clause does not apply to legislative control of remedies and modes of procedure that do not affect matters of substance. *Davis, supra* at 358.

Examining the law here in question, it is clear that the amendment would make the statute apply to defendant's extradition, and that action occurred before the amendment of the statute. Thus, it must only be determined whether applying the statute to defendant would disadvantage him.

In *People v Peters (After Remand),* 205 Mich App 312, 319; 517 NW2d 773 (1994), rev'd on other grounds 449 Mich 515; 537 NW2d 160 (1995), this Court determined that restitution is a form of punishment. Thus, the amendment of MCL 780.766; MSA 28.1287(766), by increasing the amount of restitution for which defendant would be responsible, would increase his punishment. Application of the statute in this case, therefore, would be in violation of the Ex Post Facto Clause.

Accordingly, we vacate the trial court's order requiring defendant to pay the costs of his extradition.

Defendant's convictions and sentences are affirmed subject to the proceedings on remand. The orders imposing costs are vacated as set forth above. We do not retain jurisdiction.