# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 21, 2008

136779

PEOPLE OF THE STATE OF MICHIGAN,
           Plaintiff-Appellee,

v

ROBERT JAY BOADWAY, JR.,
           Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136779
COA: 281469
Otsego CC: 06-003511-FC

On order of the Court, the application for leave to appeal the May 15, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring.*)

I concur in denying leave to appeal, but I write separately to address Justice Kelly's concern that the costs imposed by MCL 769.1k qualify as a "punishment."

The Ex Post Facto Clause of the Michigan Constitution, Const 1963, art 1, § 10, involves two elements: (1) whether a law is retrospective; and (2) whether it disadvantages the offender. *People v Davis*, 181 Mich App 354, 357 (1989).

First, Justice Kelly correctly notes that MCL 769.1k is retrospective. In *People v Stevenson*, 416 Mich 383, 396 (1982), this Court adopted Chief Justice Chase's often-quoted statement in *Calder v Bull*, 3 US (3 Dall) 386, 390 (1798), defining an ex post facto law:

> "1st. Every law that makes an action done before the passing of the law; and *which was innocent when done*, criminal; and punishes such action. 2d. Every law that aggravates a crime, or makes it greater than it was, *when committed*. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, *when committed*." [Emphasis added.]

This language requires that any statute imposing additional "punishments" be enacted *after* the crime has been committed in order to constitute an ex post facto law. It is undisputed that MCL 769.1k was enacted *after* defendant committed the crimes at issue. Thus, the costs imposed pursuant to that statute are unquestionably retrospective.

Second, a statute disadvantages an offender if it "increases a punishment." *People v Harvey*, 174 Mich App 58, 60 (1989) (quotation marks and citation omitted). A punishment is a "deliberate imposition, by some agency of the state, of some measure intended to chastise, deter or discipline an offender." *People v Golba*, 273 Mich App 603, 620 (2007) (quotation marks and citation omitted). Further, in *People v Peters*, 449 Mich 515, 523 (1995), we held that "the fact that defendant . . . will experience some 'financial pain' does not transform [a] restitution order into a primarily penal sanction." *Peters* explained that restitution is meant to "cover the costs incurred" by the state, and thus is not a primarily penal sanction. *Id*. at 524. Likewise, the imposition of "state costs" following a conviction also does not constitute a "primarily penal sanction."

MCL 769.1k mandates that, after a defendant has been convicted, "[t]he court shall impose the minimum state costs." Unlike Justice Kelly, I do not believe "minimum state costs" qualify as a "punishment." "Cost" is defined as "the price paid to acquire, produce, accomplish, or maintain anything." *Random House Webster's College Dictionary* (1991). Thus, the "minimum state costs" imposed by this statute contemplate that the defendant will bear the burden of "the price [the state] pa[ys] to acquire" a conviction or "maintain[ing]" the defendant's living conditions while in jail. Shifting the financial burden from the state to the defendant is not intended to "chastise, deter or discipline an offender." Rather, it is intended to prevent the taxpayers of this state from bearing at least some of the costs generated by the defendant's actions. Thus, "minimum state costs" do not constitute a "punishment."[1]

In sum, although MCL 769.1k is, in fact, retrospective in relation to defendant, the costs imposed by this statute do not constitute a punishment. As a result, there is no violation of the Ex Post Facto Clause of the Michigan Constitution.

KELLY, J. (*dissenting.*)

---

[1] In *People v Slocum*, 213 Mich App 239 (1995), a case cited by Justice Kelly and one that has been cited by at least nine unpublished Court of Appeals opinions, the Court of Appeals held that a restitution statute authorizing the trial court to impose costs on a defendant constituted a "punishment." In doing so, it stated that "[*Peters*] determined that restitution is a form of punishment." *Id*. at 244. This seems exactly the opposite of what *Peters* held.

The Court should grant leave to appeal to consider whether MCL 769.1k, as applied in this case, violates the Ex Post Facto Clause of the Michigan Constitution.[2]

The test for determining whether a criminal law violates the Ex Post Facto Clause has two elements: (1) the law must be retrospective, and (2) it must disadvantage the offender.[3] A statute disadvantages an offender if (1) it makes punishable an act that was not punishable, (2) it makes the act a more serious offense, (3) *it increases a punishment,* or (4) it allows the prosecutor to convict on less evidence.[4]

It is well-settled that "[a] trial court may only require a convicted defendant to pay costs where such a requirement is expressly authorized by statute."[5] As of January 1, 2006, MCL 769.1k mandated the collection of minimum state costs under MCL 769.1j and authorized a court to impose additional costs, attorney fees, or a fine.

Defendant committed the charged offenses before the enactment of MCL 769.1k but was not prosecuted, convicted, and sentenced until after its effective date. I agree with Justice Markman that a newly enacted law that increases a punishment "at any time after the crime has been committed" violates the Ex Post Facto Clause. However, I disagree with his assertion that the imposition of costs under MCL 769.1k does not qualify as a "punishment."

Justice Markman's conclusion conflicts with past decisions of the Court of Appeals. In *People v Peters* (*After Remand*),[6] that Court noted the punitive aspects of restitution statutes. It concluded that, because the language of the statute at issue authorized restitution "in addition to or in lieu of any other penalty,"[7] the imposition of restitution constituted a penalty.[8] MCL 769.1k similarly mandates the imposition of minimum costs but gives the court discretion to assess additional costs or fines against a defendant.

---

[2] Const 1963, art 1, § 10.

[3] *People v Davis*, 181 Mich App 354, 357 (1989), citing *Weaver v Graham*, 450 US 24, 29 (1981).

[4] *People v Moon*, 125 Mich App 773, 776 (1983).

[5] *People v Jones,* 182 Mich App 125, 126 (1989).

[6] *People v Peters* (*After Remand*), 205 Mich App 312 (1994), rev'd on other grounds 449 Mich 515 (1995).

[7] MCL 780.766(2).

[8] *Id.* at 319.

In *People v Slocum*,[9] the Court of Appeals relied on *Peters* to vacate the trial court's imposition of extradition costs on a defendant. In that case, the statute had not been amended to authorize costs until after the defendant's conviction. Its application would have increased the amount of restitution owed. After determining that the statute would apply retrospectively, the Court held that, in that case, it would violate the Ex Post Facto Clause.[10]

Finally, in *People v Pieske*,[11] the Court of Appeals vacated an order for costs under MCL 769.1k. The same statute and the same costs are involved in this case. The Court held that the imposition of costs violated the Ex Post Facto Clause because MCL 769.1k had not taken effect at the time that the defendant was sentenced.

Numerous Court of Appeals opinions have found Ex Post Facto Clause violations for the imposition of costs where the applicable statute was amended after a defendant committed a crime. Given the disagreement on the Court concerning this issue, we should grant leave to appeal to resolve it.

---

[9] *People v Slocum*, 213 Mich App 239 (1995).

[10] *Id.* at 244.

[11] *People v Pieske,* unpublished opinion per curiam of the Court of Appeals, issued January 31, 2008 (Docket No. 273291).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 21, 2008

p1118

Clerk