# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 25, 2016

Plaintiff-Appellee,

v

No. 326919
Ingham Circuit Court

ADRIAN ORTA ESTRADA,

LC No. 14-000450-FC

Defendant-Appellant.

Before: Owens, P.J., and Sawyer and Shapiro, JJ.

Shapiro, J. (*concurring in part and dissenting in part*)

I concur with the majority except as to the sentencing issue. The trial court's departure decision was based in large part on the fact that after defendant committed the subject crime the legislature amended the statute so as to now require a 25-year mandatory minimum sentence for individuals convicted of the same offense. As a matter of law, the amended statute does not and cannot apply retroactively.[1] Moreover, its consideration at sentencing is improper because "[s]entences must be individualized and tailored to fit the circumstances of the defendant and the case." *People v Colon*, 250 Mich App 59, 64; 644 NW2d 790 (2002) (quotation omitted). The fact that the statute now requires a 25-year mandatory minimum is a fact that would apply to all pre-amendment defendants without regard for the individual offense or offender. For these reasons, I would remand for resentencing with instructions to the trial court to not consider the amended statute in its sentencing decision.

/s/ Douglas B. Shapiro

---

[1] The statute, MCL 750.520b(2), was amended in 2006, and, as a defendant could face an increased punishment under the amended statute, retroactive application would violate the *ex post facto* clause of our constitution. See *People v Slocum*, 213 Mich App 239, 243; 539 NW2d 572 (1995).

-1-